520 A.2d 433

**Robert C. BOLUS, D.B. & B. Realty Company, Inc. and Key Brockway, Inc.**

v.

**The UNITED PENN BANK, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1986.

Filed Jan. 7, 1987.

Arthur L. Piccone, Wilkes-Barre, for appellant.

Michael H. Roth and Michael J. Donohaue, Scranton, for appellees.

Before WICKERSHAM, HOFFMAN and BECK, JJ.

BECK, Judge:

This appeal arises from the grant of summary judgment to plaintiffs-appellees Robert C. Bolus, D.B. & B. Realty Company, Inc. and Key Brockway, Inc. ("Bolus") in an action for a declaratory judgment. The defendant-appellant is The United Penn Bank (the "Bank").

Robert C. Bolus and the two appellee corporations, both of which are solely owned by Bolus, have for some time been engaged in the trucking business. In connection with this business, beginning in 1977 Bolus secured various types of financing from the Bank. One of the loans the Bank extended to Bolus was a $500,000 loan made on June 13, 1977 and evidenced by a confession of judgment Note. Repayment of ninety percent (90%) of this loan was guaranteed by the Small Business Administration (the "SBA"). In Bolus' declaratory judgment action he sought a declaration that the Bank had no perfected security interest in certain escrowed insurance proceeds. The Bank claimed that these funds were subject to a security interest in its favor and constituted a portion of its security for the Note.

Because we find that the trial court lacked subject matter jurisdiction over this action as a result of Bolus' failure to join the SBA as a party defendant, we vacate the trial court's order and dismiss the action.

The crucial event giving rise to this action was a fire at one of Bolus' business locations. This fire resulted in the destruction or partial destruction of real estate consisting of a building and personal property located therein. It is apparently conceded by Bolus that the Bank did have a security interest, a mortgage, in the destroyed building which secured the Note. However, Bolus denies that the Bank had a security interest in the destroyed personal property. At the time of the fire, it would appear that Bolus was already in default in its payments on the Note and that the Bank had confessed judgment against Bolus under the Note.

In 1981, presumably shortly after the fire,[1] Bolus instituted a related action in the Lackawanna County Court of Common Pleas against its fire insurance carriers to recover the value of the destroyed property. The carriers denied coverage and the parties prepared for trial. On March 15, 1984, shortly before the beginning of the trial, the Bank filed a Petition to Intervene in the action. The Bank

---

1. Neither the briefs nor the record reveal when or where the fire occurred.

claimed that it had an interest in the fire insurance proceeds that the action might produce based on the Bank's alleged security interests in the destroyed property.

One month later, a hearing on the Bank's Petition was conducted before The Honorable James J. Walsh. At that hearing, counsel for Bolus and the Bank reached certain agreements as to the disposition of the proceeds of the fire insurance policies that Bolus might recover in the action.

As to the building, the parties agreed that the proceeds would be used to repair and rebuild. As to the personal property, the parties stipulated as follows:

As to the personal property issue, it has been agreed by the parties that any proceeds received by the plaintiffs for the personal property shall be placed in an escrow account at a bank to be chosen by the plaintiffs and that counsel for United Penn Bank and counsel for the plaintiffs will use their best efforts to set up an appointment with the Small Business Administration as soon as possible to resolve the disposition of the monies held in escrow, and that when the disposition occurs, the money shall be released as per the agreement worked out with the SBA, the plaintiffs and United Penn Bank. And that, in consideration for that agreement, the United Penn Bank will withdraw its petition to intervene in this action.

(R. 1a at 13–14).

Thereupon, the Bank petitioned for the discharge of the Rule to Show Cause that had been entered on the Bank's Petition to Intervene and on April 18, 1984, the trial court entered the following Order:

ORDERED that the Stipulations entered of record, by and between counsel, the above term and number, shall be recorded by the Court and made a part of the official record and that thereafter it is the FURTHER ORDER of this Court that the Rule to Show Cause filed in the above-captioned amtter [sic] is dismissed.

(R. 1a at 7).

Bolus recovered $150,000 in insurance proceeds attributable to the destroyed personal property. These funds were

placed in an escrow account as agreed by Bolus and the Bank. Unfortunately, the parties' attempts to agree on the distribution of the funds (in which attempts the SBA participated) proved fruitless.

Thus, on March 29, 1985, Bolus commenced the Action for Declaratory Judgment in the Lackawanna County Court of Common Pleas that gave rise to this appeal. In that action, Bolus sought a declaration "that they [plaintiffs] alone are entitled to the funds in escrow" and further sought the entry of an order "directing that said funds be released forthwith to the Plaintiffs." (R. 1a at 6). The Bank was the sole defendant in the action. SBA was not made a party.

Bolus moved for summary judgment and the trial court entered an Order granting summary judgment in favor of Bolus and against the Bank on March 12, 1986. The trial court's order recited that the Bank had no interest in the inventory that the insurance proceeds replaced and expressly directed that the escrowed funds be released to Bolus.

The Bank's sole contention on appeal is that the entry of summary judgment was inappropriate in light of the prior recorded agreement of the parties to use their best efforts to negotiate the disposition of the funds and to leave the funds in escrow pending such agreement. Although we are of the opinion that the Bank's argument contains a definite ring of truth, we do not decide this case on that ground. Rather, as previously noted, we find that the trial court did not have subject matter jurisdiction of this action.

■ We note preliminarily that the fact that none of the parties below raised the issue of lack of subject matter jurisdiction presents no obstacle to our resolution of this case on that ground. As the Supreme Court recently stated in *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986), Pennsylvania Rule of Civil Procedure 1032(2) allows a court to raise sua sponte issues of subject matter jurisdiction and failure to join an

indispensable party. *Id.*, 512 Pa. at 294 n. 1, 516 A.2d at 686 n. 1 (expressly disapproving any suggestion to the contrary in *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A.2d 295 (1973)). *See also Bracken v. Duquesne Electric and Manufacturing Co.*, 419 Pa. 493, 215 A.2d 623 (1966) (whether declaratory judgment action is proper is first question on appeal; fact that no party raised issue is not controlling).

The Declaratory Judgments Act, 42 Pa.Cons.Stat.Ann. § 7531 *et seq.* (1982), contains, as an express prerequisite to a declaratory judgment action, the joinder of certain parties. Section 7540 of the Act states:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding. . . .

*Id.* § 7540.

In *Vale Chemical, supra,* the Supreme Court construed Section 7540 in a manner consistent with the Court's prior opinions and held that Section 7540 represented a mandatory jurisdictional prerequisite.[2] Thus, the *Vale Chemical* Court dismissed a declaratory judgment action by an insured against two insurance companies seeking a declaration as to the insured's defense and indemnification rights because the plaintiff in the action against the insured which gave rise to the coverage issue was not a party to the declaratory judgment action. *Vale Chemical,* 512 Pa. at 294–295, 296, 516 A.2d 686, 688 (*citing, inter alia, Carlsson v. Pennsylvania General Insur. Co.*, 417 Pa. 356, 207 A.2d 759 (1965); *Keystone Insur. Co. v. Warehousing & Equip-*

---

**2.** Some courts have not construed this requirement for a declaratory judgment action as being jurisdictional in nature, while others have recognized its mandatory jurisdictional nature but allowed an exception thereto where the declaration entered is in favor of the nonjoined party and does not prejudice its rights. *See* Annotation, *Declaratory Judgments—Parties,* 71 A.L.R. 723 (1960) and cases cited therein. As our discussion below indicates, in this case Bolus cannot avail itself of this possible exception since the declaration the trial court entered clearly prejudiced the SBA.

*ment Corp.*, 402 Pa. 318, 165 A.2d 608 (1960)). The Court rested its holding on the clear interest of the non-joined plaintiff in having the insurance companies pay any judgment the plaintiff might recover against the insured. *Id.* 512 Pa. at 296, 516 A.2d at 686.

Section 7540 and its predecessor section (12 P.S. § 841) have been similarly construed in numerous cases involving diverse factual scenarios. For example, in refusing to grant summary judgment in a case within its original jurisdiction, where plaintiff sought a declaratory judgment as to the legality of a decision by county commissioners to reduce a fire department workforce, the Commonwealth Court determined that the action could not proceed without the joinder of those firemen whose employment status would be affected by the Court's declaration. *County of Allegheny v. Commonwealth*, 71 Pa.Commw. 32, 453 A.2d 1085 (1983). *See also Bracken v. Duquesne Electric and Manufacturing Co., supra* (action for declaratory judgment to determine voting rights of shareholders cannot be maintained without joinder of all shareholders); *Mains v. Fulton*, 423 Pa. 520, 224 A.2d 195 (1966) (action for declaratory judgment to determine whether right-of-way exists cannot be maintained without joinder of all property owners in development where alleged right-of-way exists).

Only in cases where the interest of the non-joined party is indirect has a declaratory judgment action been permitted to proceed without that party's participation. In such cases, the court has apparently determined that the impact of its declaration on the non-joined party will be remote or of little importance. Such was the decision of the Commonwealth Court in *Mid-Centre County Authority v. The Township of Boggs*, 34 Pa.Commw. 494, 384 A.2d 1008 (1978). The *Mid-Centre* Court determined that the Department of Environmental Resources ("DER") need not be joined in a declaratory judgment action where compliance with DER's regulations was not at issue, but rather the action focussed on which of several parties bore responsibility for compliance. *Id.* at 499–501, 384 A.2d 1011–12. *See also Burnham Coal Co. v. PBS Coals, Inc.*, 65 Pa.Commw.

86, 442 A.2d 3, *aff'd per curiam*, 499 Pa. 59, 451 A.2d 443 (1982) (Section 7540 provides a specialized concept of what constitutes an indispensable party in declaratory judgment actions).

■ We find that the case before us presents a classic example of the situation Section 7540 seeks to avoid. There is no question that the SBA is a party who has or claims an interest which would be affected by the declaration of the trial court. The declaration here determined that the Bank had no interest in a substantial fund of money that the Bank strenuously argued was a portion of its security for the loan to Bolus. Moreover, the trial court's order expressly directed that the fund be released to Bolus alone.

The impact of the declaration and order on the SBA is clear. The SBA Loan Authorization that the SBA provided to the Bank expressly required, in a section entitled "Loan Conditions Required by Lender and SBA", that the Bank obtain certain security for the loan, including a first lien perfected security interest in certain of Bolus' personal property, including inventory. Thus, the SBA itself was clearly relying on the destroyed property, consisting of inventory, or the proceeds of any insurance coverage thereof, as partial security for the loan. And it is beyond peradventure that to the extent that the Bank was declared to have no interest in the alleged collateral, the SBA's possible exposure on its guarantee of the underlying obligation was correspondingly increased.

The agreement between Bolus and the Bank in the fire insurance case and the pleadings in this declaratory judgment action themselves lend further support to the already manifest interest of the SBA in this action. The recorded stipulation of Bolus and the Bank was to negotiate the disposition of the escrowed funds *with the SBA*. This is clear evidence of the fact that both parties recognized from the outset the equal if not predominating financial interest of the SBA in the resolution of this dispute. Indeed, apparently Bolus recognized the potential difficulty inhering in the non-joinder of the SBA when it alleged in its petition for a declaratory judgment that the Bank "at all

times material hereto represented the interest of the Small Business Administration." (R. 1a at 2). The Bank specifically denied this allegation in its Answer to the petition, stating that it had never represented the SBA in connection with the loan to Bolus. Finally, certain portions of Bolus' Motion for Summary Judgment actually appear to be seeking an adjudication of SBA's rights as to the fund despite the non-joinder of the SBA. The Motion alleges at one point that neither the Bank *nor the SBA* have any valid interest in the subject inventory or the fund that replaced it. It also states that the parties have been unable to reach an agreement as to the disposition of the funds in escrow and that *the SBA* refused to participate in any agreement as to those funds. (R. 1c at 5) (emphasis added).

In granting summary judgment, the trial court permitted Bolus to obtain a declaration that clearly impacted on the SBA in an adverse manner without permitting the SBA to be heard on the issue presented. Prior to the entry of the trial court's order, the disputed funds were in the hands of an impartial third party escrow agent. Now the funds are to be released and the Bank's and the SBA's rights thereto foreclosed. The trial court lacked jurisdiction to enter such a declaration.

The order of the trial court is vacated and the action dismissed.