**GENERAL REFRACTORIES COMPANY, Plaintiff,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Defendant/Third–Party Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY,**

**and**

**Liberty Mutual Insurance Company, Third–Party Defendants.**

Civ. A. No. 85–7490.

United States District Court, E.D. Pennsylvania.

Sept. 24, 1987.

James J. Binns, Leanne L. Litwin, James J. Binns, P.A., Philadelphia, Pa., for plaintiff.

Paul F.X. Gallagher, Gallagher, Wheeler, Reilly and Lachat, Philadelphia, Pa., Louis G. Corsi, Siff, Newman, Rosen & Parker, P.C., New York City, for defendant/third-party plaintiff.

S. Gordon Elkins, Samuel J. Arena, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Travelers Ins. Co.

John C. Sullivan, Frumkin & Manta, Philadelphia, Pa., Gerald B. Weigle, Jr., Stephen G. Schweller, Dinsmore & Shohl, Cincinnati, Ohio, for Liberty Mut. Ins. Co.

## ORDER/MEMORANDUM

LUDWIG, District Judge.

Travelers Insurance Company and Liberty Mutual Insurance Company move to dismiss plaintiff's complaint and third-party plaintiff's complaint. For the following reasons, the motions are granted, and this action is remanded to the Court of Common Pleas of Philadelphia.

On December 9, 1985 plaintiff General Refractories Company filed this declaratory judgment action against American Mutual Liability Insurance Company in the Court of Common Pleas of Philadelphia. The suit arose from a dispute over the applicability of certain insurance policies to some 800 claims made against General Refractories for asbestos-related injuries. On December 31, 1985 American Mutual, a Massachusetts citizen, removed the action here. In April 1986, American Mutual obtained leave to institute a third-party action against Travelers Insurance Company and Liberty Mutual Insurance Company, which carriers had also issued insurance coverage to General Refractories. Travelers is a citizen of Connecticut; Liberty Mutual is a citizen of Massachusetts. On January 23, 1986, shortly after filing this present action, General Refractories commenced a similar declaratory judgment action in the Court of Common Pleas of Philadelphia against Travelers, Liberty Mutual and 13 excess insurance carriers.[1]

A number of motions are pending in the present action.

On September 15, 1986 Travelers moved for joinder of defendants pursuant to Fed. R.Civ.P. 19 or in the alternative for leave to join fourth-party defendants pursuant to Fed.R.Civ.P. 14. This motion seeks to join the excess insurance carriers that are parties in the state court action or to dismiss and remand the action to the state court.

On September 29, 1986 Liberty Mutual moved for summary judgment asserting that its coverage obligation runs only to Grefco, Inc., a subsidiary of General Refractories.[2] On October 17, 1986 Travelers filed a motion renewing an earlier motion to dismiss or stay counts I, II, IV, and V of plaintiff's complaint and the third-party complaint. This motion contends that the state court is the only forum where all necessary parties are amenable to judgment.

Parenthetically, on October 17, 1986, the Supreme Court of Pennsylvania held that Pennsylvania courts lack jurisdiction to determine an insurer's duty to defend or indemnify unless the injured claimants are joined in the action. *Vale Chemical Co. v. Hartford Accident & Indem. Co.*, 512 Pa. 290, 516 A.2d 684 (1986). On December 11, 1986 Liberty Mutual moved to dismiss plaintiff's complaint and the third-party complaint asserting that, under *Vale*, this court lacks subject matter jurisdiction.

On December 12, 1986 General Refractories filed a motion for summary judgment as to count III of the complaint, which pertains to retrospective premium.

 I am ordering the remand of this action for several reasons. First, as Liberty Mutual contends, *Vale* would appear to remove any doubt as to the lack of subject matter jurisdiction over this declaratory judgment action. The *Vale* court reasserted that injured claimants are indispensable parties in declaratory judgment actions between insureds and insurers. *Vale*, 512 Pa. at 293–94, 516 A.2d at 686. *See also Pennsylvania Ass'n. Ins. Guar. Ass'n v. Schreffler*, 360 Pa.Super. 319, 323–24, 520 A.2d 477, 479 (1987); *Bolus v. United Penn Bank*, 360 Pa.Super. 234, 238–40, 520 A.2d 433, 435–36 (1987). Just like the plaintiff in *Vale*, General Refractories did not join any claimant involved in the underlying asbestos actions.[3] Although the *Vale* decision involved only one injured claimant,

---

1. *General Refractories Company v. Liberty Mutual Insurance Company,* No. 3833 (Court of Common Pleas of Phila. filed Jan. 23, 1986).

2. On October 20, 1986 General Refractories filed a motion under Fed.R.Civ.P. 19 to join Grefco, Inc. as an additional plaintiff. This motion is unopposed.

3. The jurisdiction of the federal court on removal is a "derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). *See also Village Improvement Ass'n. v. Dow Chemical Co.,* 655 F.Supp. 311 (E.D.Pa.1987); *Essington Metal Works, Inc. v. Retirement Plans of Amer-*

its rationale should apply regardless of the multiplicity of claimants.[4]

■ Second, Travelers' motion to join 27 excess carriers under Fed.R.Civ.P. 19 or, alternatively, to join them as fourth-party defendants under Fed.R.Civ,P. 14 highlights an additional but related problem. Travelers contends that General Refractories' excess insurers are indispensable parties in the declaratory judgment action. If, however, the excess carriers are indispensable party defendants, diversity jurisdiction fails. *See* Affidavit of Gerald V. Weigle, Jr. ¶ 2. Dismissal or remand would be mandated. *See supra* note 3. On the other hand, if the excess carriers are joined as fourth-party defendants, diversity remains, but adjudicability is confined to issues raised by joinder. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (without independent federal jurisdiction, a plaintiff cannot assert a claim against a non-diverse third-party defendant). Accordingly, General Refractories cannot obtain relief from all of the excess insurers in this court.

A third factor that favors remand is General Refractories' action pending in state court. That action, which is almost identical with the present action, is not subject to removal.[5] If consolidation is to take place, it must occur in the state action.

By order of September 21, 1986, I denied Travelers' original motion to dismiss or stay. *Vale* had not been announced, and General Refractories—which had objected to removal and now objects to remand—urged that this action was distinguishable from the state court action because of the claims for retrospective premium.

As a matter of justice as well as judicial economy, it is desirable to have the same issues heard and decided by the same adjudicator. The state court action has not proceeded beyond the submission of the threshold joinder motions also pending here. Given these factors, the retrospective premium claim becomes justiciably insignificant. Travelers' revival of its motion to dismiss is well taken.

---

ica, Inc., 609 F.Supp. 1546 (E.D.Pa.1985). If "the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none." *Lambert*, 258 U.S. at 382, 42 S.Ct. at 351. Generally, "when a federal court determines that it did not gain jurisdiction of a case on removal because there was no jurisdiction in the state court, the action is dismissed by the federal court." *Essington*, 609 F.Supp. at 1555. However, several district courts have remanded cases that were improperly removed in situations where there was a state claim to be resolved. *Id.* ("this court is empowered to remand cases which have been removed without jurisdiction"). *See also Thorp v. Serraglio*, 464 F.Supp. 149 (N.D.Ohio 1978). 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." In the instant case, the state court lacked jurisdiction at the time of removal. *See Bolus*, 360 Pa.Super. at 238, 520 A.2d at 435 ("In *Vale Chemical* ... the Supreme Court construed Section 7540 in a manner consistent with the Court's prior opinions and held that Section 7540 represented a mandatory jurisdictional prerequisite"). However, even assuming the state court did have jurisdiction at the time of removal, this would not bar a subsequent remand. Several federal courts have noted that

"nothing in § 1447(c) limits the requisite judicial analysis to the jurisdictional basis existing at the time of removal." *Adorno Enter., Inc. v. Federated Department Stores, Inc.*, 629 F.Supp. 1565, 1567 (D.R.I. 1986) (remand is mandated if after removal an indispensable party that must be joined is discovered that will destroy diversity). *See also Stanhope v. Ford Motor Credit Co., Inc.* 483 F.Supp. 275 (W.D.Ark.1980).

For actions commenced in state courts after June 19, 1986, a federal court "is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e). Since General Refractories' complaint was filed on January 23, 1986, this action does not come within the scope of this amendment.

4. The decision in *Vale*, however, does not address the procedural mechanics for dealing with cases in which the claimants, as here, are numerous.

5. Both General Refractories and one of the defendants in the state court action, Insurance Company of North America, are Pennsylvania citizens. Accordingly, removal on the basis of diversity is not possible.