552 A.2d 705

**ERIE INSURANCE GROUP, Appellant,**

v.

**Barbara Ann CAVALIER, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1988.

Filed Jan. 6, 1989.

602

David I. Ainsman and Miles A. Kirshner, Pittsburgh, for appellant.

Joseph M. George, Uniontown, for appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from a declaratory judgment filed by the Court of Common Pleas of Fayette County. Plaintiff-appellant, Erie Insurance Group, sought a determination of the limits of coverage available under an insurance policy issued to Gregory Beal and also providing coverage to Thomas Beal. The defendant-appellee is Barbara Ann Cavalier Beal, formerly Barbara Ann Cavalier. Finding the trial court lacked subject-matter jurisdiction over this action as a result of appellant's failure to join the insureds as party defendants, we vacate the trial court's order and dismiss the action.

According to an agreed statement of facts filed by the parties, on or about August 15, 1983, at or about 5:55 p.m. at the street intersection of West Crawford Avenue and Wood Street in Dunbar Township, Fayette County, Pennsylvania, appellee was involved in an automobile collision as a passenger on a motorcycle owned by Gregory Beal and operated by Thomas Beal. As a result of the collision, appellee allegedly sustained personal injuries. Consequently, appellee filed an action in trespass at No. 496 of 1984, G.D., in the Court of Common Pleas of Fayette County, against Thomas Beal and Cheryl Joseph Harvey. Gregory Beal was also joined as an additional defendant based upon

the allegations that "he was negligent in entrusting said motorcycle to Thomas Beal...." Agreed statement of facts at 2–3.

The parties to the instant action further agreed that, at all relevant times, Thomas Beal was an insured under an Erie Pioneer Family Auto Insurance Policy, providing third-party liability coverage for the motorcycle operated by Thomas Beal. Furthermore, it was agreed that the policy extends bodily injury liability coverage to Gregory Beal, its named insured, and Thomas Beal, the operator of the motorcycle. The insurance policy and attached declaration sheet specifying the limits of bodily injury liability coverage as "BI 015/030" were incorporated in the agreed statement.

On February 11, 1988, appellant filed a complaint in declaratory judgment, requesting the trial court to establish the limits of its bodily injury liability coverage extended to its named insured, Gregory Beal, and/or the operator, Thomas Beal. In its complaint, appellant alleged, *inter alia*, that, "pursuant to the declaration sheet attached to the ... policy of automobile insurance, the bodily injury coverage limits are established at $15,000.00 for 'each person' and $30,000.00 for 'each occurrence' and '[t]he sole claim for injury which has been made' ... has been made on behalf of Defendant in [the civil action]...." Complaint at 2. Thereafter, appellee filed an answer and new matter to complaint in declaratory judgment, requesting, *inter alia*, that the trial court declare that the insurance policy extends coverage on separate grounds of negligence against Gregory Beal and Thomas Beal in the amount of $30,000.00. After submission of the parties' signed agreed statement of facts and briefs, the trial court issued the following order:

> AND NOW, this 15th day of April, 1988, it is Ordered and Declared that the liability pursuant to Pioneer Family Auto Insurance Policy PO1 81 01085N P in the action at No. 486 of 1984, G.D., in the Court of Common Pleas of Fayette County, Pennsylvania, is $30,000.00.

Trial court order at 1. On the same day, appellant timely filed exceptions and an appeal. Appellant's exceptions were not disposed of by the trial court.

On appeal and before the court below, appellant contends that appellant's maximum exposure under the instant insurance policy is $15,000.00, not $30,000.00, as appellee contends.[1] Both parties rely on the following language of the policy to support their respective positions:

We will pay all sums for which the law holds you responsible for damages arising out of the ownership or use of a car we insure. Damages must involve:

(1) bodily injury, meaning physical harm, sickness, disease or resultant death; ...

\*   \*   \*   \*   \*   \*

*Our* duty to pay the sums for which the law holds *anyone we protect* responsible is limited by the amounts shown on the *Declarations* for insurance to one car. The insuring of more than one party or car under these coverages does not increase the limits of protection. *The limits apply separately to each car we insure and each party we protect.* A *car* and attached trailer is considered one car under this coverage.

\*   \*   \*   \*   \*   \*

Bodily Injury liability—The amount shown for 'each person' is the limit of protection for all damages arising out of injury to one person as the result of one occurrence. The amounts shown for 'each occurrence' is the total limit of the protection for all injury to two or more persons.

Erie Pioneer Family Auto Insurance Policy ("Policy") at 3–8 (emphasis in original).[2]

Initially, we note that the failure of either party to raise the issue of lack of subject matter jurisdiction does not

1. Appellee argues that the appeal is premature and should be quashed. Specifically, appellee maintains that the appeal is not properly before this Court because there was no trial court disposition of appellant's exceptions. In the interest of judicial economy, we treat the trial court's order as a final order.

2. "Declarations" is defined as "the sheet which shows the coverages you have chosen for each *car we insure.* It also shows the premium for those coverages and the limits of protection." Policy at 2 (emphasis in the original). The policy further states that the policy is not complete without the declaration sheet. Policy at 2.

prevent this Court from raising this issue *sua sponte.* *Vale Chemical Co. v. Hartford Accident and Indemnity Company,* 512 Pa. 290, 292–294, 516 A.2d 684, 686 n. 1 (1986) ("Pa.R.C.P. 1032(2) allows a court to raise *sua sponte* issues of subject matter jurisdiction and failure to join an indispensable party."); *Bolus v. United Penn Bank,* 360 Pa.Super. 234, 238–239, 520 A.2d 433, 435 (1987).

> When declaratory relief is sought, our Declaratory Judgments Act mandates that all persons who have or claim any interest which would be affected by the declaration be made parties to the proceeding. 42 Pa.Cons.Stat. Sec. 7540. This statutory provision constitutes a jurisdictional requirement with respect to joinder of indispensable parties. See [*Vale,* 512 Pa. at 290] 516 A.2d 684 (1986).

*Pennsylvania Insurance Guaranty Association v. Schreffler ("PIGA "),* 360 Pa.Super. 319, 322, 520 A.2d 477, 479 (1987). Finding *PIGA, supra,* controlling, we hold that Gregory and Thomas Beal are persons who have or claim an interest which would be affected by the declaration and, therefore, constitute indispensable parties to this instant action.

In *PIGA, supra,* this Court dismissed a declaratory judgment action instituted by PIGA [3] against a claimant because the insured was not a party to the proceeding. PIGA was seeking a determination of funds available under the insurance policy in question. This Court reasoned that the interests of the insured, Keenan's Tavern, in seeing that its insurance policy be construed by the trial court to provide "the maximum amount of coverage possible for any judgment entered against it in the [claimant's] action," and the insured's interest in seeing that PIGA perform its obligations to defend Keenan's Tavern in the claimant's action were not represented by appellant, who contended that no coverage is available under the policy. *Id.,* 360 Pa.Superior Ct. at 322, 520 A.2d at 479.

---

3. Amherst Insurance Company was insolvent and PIGA was handling pending claims pursuant to 40 Pa.Stat.Ann. Sec. 1701.101, *et seq.* *PIGA,* 360 Pa.Super. at 319, 520 A.2d at 477.

Likewise, we find that Gregory and Thomas Beal's respective interests as insureds are not represented in this instant action. Instantly, appellant admits that both Gregory and Thomas Beal are covered by the policy. In addition, both parties have been named as defendants by the claimant in her civil action. Clearly, an insured has an interest in a declaratory judgment action where the insurer seeks to limit his amount of coverage as he does in an action where the declaration is sought to deny coverage. As the insured in *PIGA*, the insureds in the instant action are interested in securing the maximum coverage possible under the insurance contract. We, therefore, find Gregory and Thomas Beal indispensable parties and, consequently, the jurisdictional requirements of the Declaratory Judgments Act have not been met. Accordingly, we do not address the merits of this appeal. *PIGA, supra.*

The order is vacated, and the action is dismissed. Jurisdiction is relinquished.