590 A.2d 24

**Julia C. SMITH, Appellant,**

v.

**FIREMENS INSURANCE COMPANY
OF NEWARK, NEW JERSEY.**

Superior Court of Pennsylvania.

Argued March 14, 1991.

Filed May 1, 1991.

94

David A. Flores, Lancaster, for appellant.

John A. Onorato, York, for appellee.

Before MONTEMURO, JOHNSON and HESTER, JJ.

MONTEMURO, Judge:

Plaintiff-appellant, Julia C. Smith (hereinafter "Smith"), appeals from the entry of summary judgment in favor of defendant-appellee, Firemens Insurance Co. of Newark, New Jersey (hereinafter "Firemens"). Smith brought this action to recover medical expense benefits allegedly owed under an insurance contract existing between Smith and Firemens. The parties entered into a stipulation of facts and submitted cross-motions for summary judgment on the issue of Firemens' liability for the medical expenses. The

trial court rejected all of Smith's arguments and concluded that under Pennsylvania's Motor Vehicle Financial Responsibility Law, Firemens owed Smith nothing more than the $10,000 in first party benefits which Firemens had already paid to Smith. For the following reasons, we reverse.

Smith, a Pennsylvania resident, entered into an automobile insurance contract in Pennsylvania with Firemens, a New Jersey insurance company. On June 10, 1988, the Jeep Wagoneer insured under the policy overturned while being driven in New Jersey; Smith was a passenger in the Jeep, and as a result of the accident, suffered a cervical fracture which rendered her a quadriplegic. Smith will require continued medical care for the remainder of her life.

In accordance with the Pennsylvania Financial Motor Vehicle Responsibility Law, 75 Pa.C.S.A. § 1711 (requiring minimum first party coverage for medical benefits in the amount of $10,000), Firemens promptly paid Smith $10,000 in first party medical expense benefits, but has denied Smith's demands for coverage of her additional medical expenses, which are far in excess of $10,000. Hence, Smith brought this suit. The question which we must decide is whether New Jersey's Compulsory Insurance Law provisions requiring New Jersey insurance companies to pay unlimited first party benefits to an out-of-state insured who operates her vehicle in New Jersey are applicable to this case.

The relevant New Jersey provisions state:

Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State ... which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state ... shall include in each policy coverage to satisfy at least the ... personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C. 39:6A–4) ..., whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, ...

Each insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State and subject to the provisions of this section shall, within 30 days of the effective date of P.L.1985, c. 520, file and maintain with the Department of Insurance written certification of compliance with the provisions of this section.

N.J.Stat.Ann. § 17:28–1.4 (West 1988).

The version of N.J.Stat.Ann. § 39:6A–4 in effect at the time of Smith's accident provided:

Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage, as defined hereinbelow, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault, to the named insured ... who sustained bodily injury as a result of an accident while occupying ... or using an automobile ...

"Personal injury protection coverage" means and includes:

**a. Medical expense benefits.** Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident. ...

■ Smith first argues that Pennsylvania's Insurance Department regulations require that the basic loss benefits under her policy be increased to satisfy New Jersey's requirement that the insurer pay unlimited medical expense benefits. *See* 31 Pa.Code § 66.41 [1]. We agree with the

---

**1.** § 66.41. Motor Vehicles in interstate travel.

trial court that this regulation is not applicable to Smith's case, as the regulation was promulgated pursuant to the now-repealed No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.* Where the statute authorizing the promulgation of a regulation is repealed, the regulation is not binding, as regulations may not exceed the scope of their authorizing statute. *See generally Hospital Association of Penn. v. MacLeod,* 487 Pa. 516, 410 A.2d 731, 733 (1980) (substantive rule-making of administrative agency will be upheld where "the statutory delegation can reasonably be construed to authorize it."); *Serefeas v. Nationwide Insurance Co.,* 338 Pa.Super. 587, 488 A.2d 48 (1985) (administrative regulations must not be contrary to the legislative intent expressed in the statutory provision to which the regulation relates). Smith's policy was issued in accordance with the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1701 *et seq.* Thus, she may not rely on the regulations under the No–Fault Act. Neither the MVFRL nor the regulations issued pursuant to the MVFRL address the specific question of the coverage limits of an insurer where the insured is domiciled in Pennsylvania but is involved in an accident outside of Pennsylvania.

Smith next argues that even without the benefit of the Pennsylvania regulation, New Jersey's compulsory insurance law, N.J.S.A. § 17:28–1.4, *supra,* requires Firemens, a New Jersey insurance company which sold a policy of insurance out of state, to meet New Jersey's minimum PIP requirements where, as in this case, the covered vehicle is operated in New Jersey; Smith thus maintains that the contract of insurance must be interpreted accordingly.

(a) If an insured domiciled in this Commonwealth is involved in an accident outside the Commonwealth he shall be entitled to be protected by the same liability coverage and to receive the same basic loss benefits as if the accident occurred in the Commonwealth, except for the following:

(1) The limits of the company's liability and the scope and limits of the basic loss benefits coverage provided shall be increased to the extent necessary to satisfy the minimum requirements of the law in the place where the accident occurs.

31 Pa.Code § 66.41(a)(1).

Firemens responds by characterizing this as a conflict of laws question, maintaining that Pennsylvania's choice of laws principles require that the policy be interpreted in accordance with the MVFRL. Firemens argues that 75 Pa.C.S.A. § 1711, requiring that the insured be provided a minimum of $10,000 in basic loss benefits, conflicts with the New Jersey Compulsory Insurance Law which requires payment of all reasonable medical expenses arising out of the accident. This argument, while superficially appealing, lacks merit.

Although the two statutes in question impose differing obligations, we disagree that they are in conflict. The policy underlying § 1711 of Pennsylvania's MVFRL is that Pennsylvania's insureds receive at least $10,000 in basic loss coverage. Applying the New Jersey provisions in no way defeats Pennsylvania's interest reflected in § 1711, because with the application of the New Jersey statute, the insured will receive more than the $10,000 minimum coverage; thus, application of the New Jersey statute in this case furthers Pennsylvania's interest in assuring that its citizens receive a certain minimal level of coverage. In addition, application of the New Jersey law furthers several of New Jersey's interests, that is, the interest in having out-of-state residents who are injured while travelling on New Jersey highways receive coverage for their reasonable medical expenses; the interest in having the rights of insurance companies authorized to do business in New Jersey governed by New Jersey law; and the interest in having sister states give full faith and credit to its insurance law. We disagree that this case presents a conflict of laws question, as the underlying legal principles at issue, albeit different, are not in conflict. Firemens seeks to avoid application of its own state's compulsory insurance laws which require Firemens, as an insurer authorized to do business in New Jersey, to include coverage for all reasonable medical expenses on out-of-state vehicles which are operated in New Jersey.

■ We now must determine whether as a matter of judicial comity, we should exercise our discretion and apply the provisions of the New Jersey statute. "Comity" is the principle that courts of one state or jurisdiction will give effect to laws and judicial decisions of another state out of deference and mutual respect, rather than out of duty:

Comity refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states....

" 'By the courtesy of nations, whatever laws are carried into execution, within the limits of any government, are considered as having the same effect every where, so far as they do not occasion a prejudice to the rights of the other governments, or their citizens....

" '[N]othing would be more inconvenient in the promiscuous intercourse and practice of mankind, than that what was valid by the laws of one place, should be rendered of no effect elsewhere, by a diversity of law....' "

" 'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one [state] allows within its territory to the legislative, executive or judicial acts of another [state] ..."

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern Dist. of Iowa*, 482 U.S. 522, 543 n. 27, 107 S.Ct. 2542, 2555 n. 27, 96 L.Ed.2d 461 (1987) (citations omitted).

Application of § 17:28-1.4 of New Jersey's Compulsory Insurance Law contradicts no public policy of Pennsylvania, and in fact, furthers Pennsylvania's policy that insureds receive coverage for their basic losses. The interests and rights of Pennsylvania citizens and New Jersey citizens are not compromised by application of the New Jersey provisions. New Jersey's interests in establishing laws for its own insurance companies, in assuring that New Jersey insurance companies comply with these laws, and in assur-

ing that individuals who are injured on its highways are provided with insurance coverage for their medical expenses are furthered by our enforcement of § 17:28–1.4. We perceive no unfairness or injustice in applying the New Jersey provisions, particularly in view of the fact that Firemens is a New Jersey insurance company, and therefore is subject to the benefits, protections and obligations of New Jersey's statutes. Firemens cannot claim surprise or lack of awareness of its own state's laws.

In view of the foregoing, we will exercise our discretion and in the spirit of cooperation, hold that §§ 17:28–1.4 and 39:6A–4 of New Jersey's Compulsory Insurance Law are applicable here. Accordingly, we interpret the insurance contract as requiring Firemens to pay all of Smith's reasonable medical expenses.

We reverse the grant of summary judgment in favor of Firemens and remand this case for proceedings consistent with this decision.

Reversed and remanded. Jurisdiction relinquished.