617 A.2d 333

**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**John McNICHOL and Linda McNichol.**

**ALLSTATE INSURANCE COMPANY**

v.

**John McNICHOL and Linda McNichol, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1992.

Filed Nov. 18, 1992.

D. Selaine Belver, Philadelphia, for Allstate Ins. Co.

Lee Garber, Philadelphia, for John and Linda McNichol.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

John and Linda McNichol appeal from the Orders entered December 19, 1991 directing them to submit to independent medical examiners for complete medical examinations.

On December 25, 1989, appellants allegedly sustained injuries as a result of an automobile accident in New Jersey. Appellants filed a claim for first party benefits under their policy with Allstate Insurance Company. Appellee paid appellants first party benefits in the amount of $10,000 each, the minimum required under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL). Thereafter, appellee continued to pay appellants' medical bills pursuant to the policy of unlimited medical coverage under New Jersey law. Appellee requested and appellants refused to submit to independent medical examinations for the purpose of enabling appellee to determine whether the appellants' injuries were reasonably related to the accident in question. On June 13, 1991, counsel for appellee filed petitions to compel appellants to submit to the examinations and served a copy of said petitions through the mail on appellants' counsel, who received said notice. The trial court granted appellee's petitions and ordered the examinations pursuant to 75 Pa.C.S. § 1796, which states as follows:

## § 1796. Mental or physical examination of person

(a) **General rule.**—Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

The court found appellee made a good faith effort to obtain the information it needed to conduct its investigation and showed good cause to justify compelling appellants to submit to the examinations. (Slip Op., Maier, J., 4/2/92, pp. 4–5.)

Appellants argue the court erred in granting appellee's petition since they were never served with proper notice as required under Pennsylvania Rules of Civil Procedure 400–405. Specifically, appellants contend appellee erred by serving notice to appellants' attorney instead of directly to the parties themselves.

■ We find since appellee had been corresponding with appellants' counsel on a regular basis since the initiation of appellants' claim, appellants had implied if not actual notice of appellee's petition. "[W]here no substantial rights of appellant were in jeopardy and appellant had received actual notice of litigation, the trial court could properly disregard procedural defects in service of process." *Cross v. 50th Ward Comm. Ambulance Co.*, 365 Pa.Super. 74, 81, 528 A.2d 1369, 1372 (1987), citing *Miller v. Carr*, 221 Pa.Super. 306, 292 A.2d 423 (1972). Furthermore, appellants have cited no authority nor has our research disclosed any cases indicating it is improper for an attorney to accept service of process on behalf of his or

her client(s).[1]

■ Next, appellants contend the independent medical examinations are no longer necessary since appellee already exhausted its obligation to appellants by providing first party benefits to the policy limits. In other words, appellants assert the court erred in entering its Order because, at the time of the petitions, appellee no longer had a duty to provide medical coverage to appellants. We disagree.

Appellee had an obligation and continues to have an obligation under New Jersey law to provide medical benefits to appellants over and above the $10,000 limit under the MVFRL. Since the accident occurred in New Jersey, appellee had to adhere to the following New Jersey statutes. N.J.S.A. 17:28–1.4 states in pertinent part:

17:28–1.4. **Automobile or motor vehicle liability policy; mandatory coverages; construction of policy; written certification of compliance; "automobile" defined**

Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this state ... which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state ... shall include in each policy coverage to satisfy at least the ... personal injury protection benefits coverage pursuant to § 4 of P.L.1972, c. 70(C. 39:6A–4) ..., whenever the automobile or motor vehicle insured under the policy is used or operated in this state.

---

1. Even if we found the service was defective, the final result would remain unchanged. "Where service of process is defective, the Supreme Court has held, the remedy is to set aside the service. The action, however, remains; and, if plaintiff can properly bring defendant on the record, the original action may be pursued." *Frycklund v. Way*, 410 Pa.Super. 347, 353, 599 A.2d 1332, 1335 (1991), citing *Nicolosi v. Fittin*, 434 Pa. 133, 135–136, 252 A.2d 700, 701 (1969). In their brief, appellants admit on April 8, 1992 appellee reinstated its petition and effectuated proper service upon appellants. If we were to remand the case, the trial court would once again grant appellee's petition and we would again be entertaining an appeal based upon the substantive issue of whether the court erred in entering the Order. Therefore, in the interest of judicial economy, we dismiss appellant's argument regarding improper service.

The version of N.J.S.A. 39:6A-4 in effect at the time of the accident states in pertinent part:

"Personal injury coverage" means and includes:

a. Medical expense benefits. Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident....

In *Smith v. Firemens Ins. Co. of Newark*, 404 Pa.Super. 93, 590 A.2d 24 (1991), *alloc. denied*, 529 Pa. 669, 605 A.2d 334 (1992), Smith had a Pennsylvania insurance policy with defendant and sustained injuries from an accident in New Jersey from which she required continued medical care. The trial court held that under 75 Pa.C.S. § 1711, defendant only owed Smith the $10,000 in first party benefits. In reversing, this Court exercised judicial comity and found the same New Jersey statutes set forth above applied to hold defendant accountable for all of Smith's medical expenses. The Court reasoned as follows:

Applying the New Jersey provisions in no way defeats Pennsylvania's interest reflected in § 1711, because with the application of the New Jersey statute, the insured will receive more than the $10,000 minimum coverage; thus, application of the New Jersey statute in this case furthers Pennsylvania's interest in assuring that its citizens receive a certain minimal level of coverage. In addition, application of the New Jersey law furthers several of New Jersey's interests, that is, the interest in having out-of-state residents who are injured while travelling on New Jersey highways receive coverage for their reasonable medical expenses; the interest in having the rights of insurance companies authorized to do business in New Jersey governed by New Jersey law; and the interest in having sister states give full faith and credit to its insurance law.

*Id.,* at 98, 590 A.2d at 27.

■ Since appellee has an ongoing responsibility to continue payments of appellants' medical expenses if the injuries were *reasonably related to the accident*, appellants in turn still must submit to independent medical examinations.

Orders affirmed.

Decision rendered prior to Montemuro, J. leaving the Bench.