OPINION OF THE COURT
WEIS, Circuit Judge.
In this appeal, we decide that a Pennsylvania policy holder seeking additional medical expense reimbursement under her policy by virtue of a New Jersey “deemer” statute is bound by its time limits for making claims. Because the district court ruled that the insured could rely on the longer Pennsylvania statute of limitations in a suit on the policy seeking “deemer” benefits, we will reverse the judgment in favor of the insured.
Plaintiff Ann DiOrio is a Pennsylvania resident who was injured while driving her automobile in New Jersey on January 26, 1988. At the time of the accident, she was insured under an automobile liability policy written in Pennsylvania by defendant Nationwide Mutual Insurance Company. Included in the policy was a provision entitling her to a maximum payment of $10,000 for medical expenses incurred as a result of the January 1988 accident. Nationwide paid the $10,000 to DiOrio, the last payment being made on January 3, 1990.
DiOrio filed a negligence suit in the federal court in New Jersey against the driver and the owner of the other vehicle involved in the collision. DiOrio’s complaint included a claim for her medical expenses attributable to the accident. That court decided that, because of the New Jersey “deemer” statute, NJ.Stat.Ann. § 17:28-1.4 (West Supp.1993), Nationwide became obligated to pay DiOrio’s medical expenses and that reimbursement was not limited to the $10,000 stated in her policy. That being so, the court ruled that under New Jersey law, DiOrio could not pursue her claims for medical expenses against the driver and the owner of the other vehicle. See D’Orio v. West Jersey Health Systems, 797 F.Supp. 371 (D.N.J.1992).
DiOrio then filed this breach of contract diversity action against Nationwide in the United States District Court for the Eastern District of Pennsylvania on October 28,1992, seeking reimbursement for her medical expenses of approximately $100,000. Nationwide responded to DiOrio’s suit by asserting that the controlling New Jersey statute of limitations had run because more than two years had elapsed since the last payment of benefits.
The district court determined that because the policy had been issued in Pennsylvania, the four-year statute of limitations of that state applied, rather than the more restrictive period specified in the New Jersey statute. Accordingly, the court rejected Nationwide’s contention that the statute of limita *659 tions had expired and entered judgment for DiOrio in the amount of $101,475.29. Nationwide has appealed.
The sole issue before us is whether the district court erred in applying the Pennsylvania statute of limitations in this action for breach of contract. The parties have structured their arguments around issues of conflict of laws, as affected by when and where DiOrio’s claim accrued, and Pennsylvania’s borrowing statute, but we think that a more simple and direct approach yields the correct solution.
The New Jersey “deemer” statute provides that insurance policies written in another state by an insurer authorized to transact business in New Jersey must include
“coverage to satisfy at least the ... personal injury protection benefits coverage pursuant to [N.J.Stat.Ann. § 39:6A-4] ... whenever the automobile or motor vehicle insured under the policy is used or operated in [New Jersey].
Any liability insurance policy subject to this section shall be construed as providing the coverage required herein ....”
N.J.Stat.Ann. § 17:28-1.4 (West Supp.1993). Because Nationwide writes policies in New Jersey through a subsidiary, there is no dispute in this case that the company is subject to the terms of the New Jersey “deemer” statute.
At the time of DiOrio’s accident, the personal injury protection benefits coverage included: “a. Medical expense benefits. Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident.” N.J.Stat. Ann. § 39:6A-4 (West 1973).[1] The period of time within which a claim for those medical expenses must be prosecuted is set out in N.J.Stat.Ann. § 39;6A-13.1, which reads in relevant part:
“Every action for the payment of benefits set forth in [N.J.Stat.Ann. § 39:6A-4] ... shall be commenced not later than 2 years after the injured person ... suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then[,] an action for further benefits may be commenced not later than 2 years after the last payment of benefits.”
DiOrio challenges the application of the New Jersey limitations period and argues that Pennsylvania’s “Motor Vehicle Financial Responsibility Law” should control. 75 Pa. Cons.Stat. § 1721(a) provides:
“If benefits have not been paid, an action for first party benefits shall be commenced within four years from the date of the accident giving rise to the claim. If first party benefits have been paid, an action for further benefits shall be commenced within four years from the date of the last payment.”
Neither party has asserted that any other limitations period might be applicable. Accordingly, this case is limited to deciding which of the quoted provisions, N.J.StatAnn. § 39:6A-13.1 or 75 Pa.Cons.Stat. § 1721(a), governs the dispute before us.
Because the policy in question was negotiated and delivered in Pennsylvania to a resident of that state and was applicable to an automobile registered in that state, we will apply Pennsylvania’s substantive law to interpret the terms of the contract. See Caputo v. Allstate Ins. Co., 344 Pa.Super. 1, 6-7, 495 A.2d 959, 961-62 (1985) (applying law of state where insurance contract was issued and where insured resided); Nationwide Mut. Ins. Co. v. Walter, 290 Pa.Super. 129, 138, 434 A.2d 164, 168 (1981) (same) (citing Crawford v. Manhattan Life Ins. Co., 208 Pa.Super. 150, 221 A.2d 877 (1966) (same)).
We have found no decision of the Pennsylvania Supreme Court that discusses the application of the New Jersey “deemer” statute in circumstances similar to those present here. The Pennsylvania Superior Court, however, in Smith v. Firemens Ins. Co., 404 Pa.Super. 93, 590 A.2d 24 (1991), did review, the issue. In declining to treat the application of the “deemer” statute as presenting a conflict of laws question, the court determined the matter to be one of “judicial eomi *660 ty” and read the New Jersey legislation as if it were a part of the insurance contract. Id. at 98, 590 A.2d at 27. The Smith court found no conflict between the public policy of Pennsylvania and the New Jersey insurance law. Therefore, the court “interpret[ed] the insurance contract as requiring [the insurer] to pay all of [the insured’s] reasonable medical expenses.” Id. at 100, 590 A.2d at 28. This approach was reaffirmed in Allstate Ins. Co. v. McNichol, 420 Pa.Super. 571, 575, 617 A.2d 333, 335-36 (1992).
In essence, what the Pennsylvania courts have done is to read the “deemer” statute as being theoretically, although not physically, attached to the Pennsylvania policy in the nature of an endorsement applicable to an accident occurring in New Jersey. Viewed in that light, we conclude that the time limitation for filing claims under the New Jersey personal injury protection statute, as well as the entitlement to benefits, simply became provisions of the Nationwide policy. As such, DiOrio was bound by its terms and was required to file her claim for medical benefits within the time prescribed in N.J.Stat.Ann. § 39:6A-13.1.
The fact that the Nationwide insurance contract sets a shorter period for filing claims than Pennsylvania’s general statute of limitations does not affect our determination. As the Pennsylvania Supreme Court concluded in Commonwealth v. Transamerica Ins. Co., 462 Pa. 268, 273, 341 A.2d 74, 76 (1975): “Th[e] Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable.” See also Lyons v. Nationwide Ins. Co., 390 Pa.Super. 25, 28, 567 A.2d 1100, 1102 (1989) (“It is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable.”); 18A Mark S. Rhodes, Couch on Insurance 2d § 75:71, at 72 (Rev. ed. 1983) (“[L]imitations for the bringing of an action on a policy of insurance are valid and reasonable although they shorten the statutory period otherwise applicable.... ”).
Although we do not decide this case on fairness principles, it nevertheless appears that DiOrio would not be justified in complaining about the result. As the fortuitous beneficiary of an entirely unexpected provision, DiOrio should expect to adhere to the time constraints that accompany it. In other words, she is bound to accept the bad along with the good.
Because of the abbreviated record and the manner in which this case was presented to us, we are unable to conclusively determine whether DiOrio’s claim for medical benefits is time barred under N.J.Stat.Ann. § 39:6A-13.1. For that reason, we will remand this case to the district court for such further action, if any, it deems necessary. The judgment will be reversed and the case remanded to the district court.[2]

. In 1990, this statute was amended to provide a maximum medical benefit coverage of $250,000. 1990 NJ.Sess.Law Serv. 10, 12-13 (West).

. In its brief, Nationwide challenged the constitutionality of the New Jersey “deemer" statute, but later abandoned that challenge at oral argument in light of Dyszel v. Marks, 6 F.3d 116 (3d Cir.1993) (New Jersey "deemer” statute not vio-lative of equal protection). Because of Nationwide's abandonment and our disposition of this case, we need not address the constitutional issues applicable to the Equal Protection, Due Process, and Contracts Clauses.