896 F.Supp. 400 (1994)
PRUDENTIAL PROPERTY AND CASUALTY INS. CO.
v.
LIBERTY MUTUAL INS. CO. and Kevin Burk Sullivan.
Civ. A. No. 93-7081.
United States District Court, E.D. Pennsylvania.
October 17, 1994.
*401 Dawn A. Segal, Law Offices of Adolphus Levi Williams, Jr., Horsham, PA, for plaintiff.
Robert J. McDade, Kelly, McLaughlin & Foster, Philadelphia, PA and Louis E. Bricklin, Bennett, Bricklin & Saltzburg, Philadelphia, PA, for defendants.

MEMORANDUM
LUDWIG, District Judge.
This is a declaratory judgment action to determine the obligation to pay first-party motor vehicle insurance benefits, citing the New Jersey "deemer" statute, N.J.S.A. 17:28-1.4. Originally filed in the Montgomery County Court of Common Pleas, it was duly removed, Order, March 17, 1994, and the benefits claimant was added as a defendant, as required by Pennsylvania law. See General Refractories Co. v. American Mutual Liability Ins. Co., 678 F.Supp. 104, 105 (E.D.Pa.1987); Vale Chemical Co. v. Hartford Accident & Indem. Co., 512 Pa. 290, 293-94, 516 A.2d 684, 686 (1986). Cross-motions for summary judgment were filed, Fed.R.Civ.P. 56, based on an agreed set of facts. Jurisdiction is diversity. 28 U.S.C. § 1332.

I.
On August 2, 1992, defendant Sullivan was injured when the car he was operating went out of control and collided with a motorist callbox on the Atlantic City Expressway. His medical expenses, in excess of $46,000 to date, are continuing.[1] At the time of the accident, he was living in Pennsylvania with his mother, who had an insurance policy with plaintiff Prudential Property and Casualty Insurance Company covering her two cars. Both cars were registered in Pennsylvania. The car involved in the accident, which belonged to another person and was insured by defendant Liberty Mutual Insurance Company, was also registered in Pennsylvania.

II.
The issue raised in this action is which insurer is liable for defendant Sullivan's medical expenses.[2] Initially, plaintiff Prudential made a payment of $10,000, which it concedes defendant Sullivan was entitled to as a resident/relative under his mother's policy.[3] *402 It does not request reimbursement of that amount. Plaintiff's motion for summary judgment at 2.
Under Pennsylvania rules, which govern this court's choice of state law in a diversity action, the substantive law of New Jersey would be applicable, given that the accident occurred in that state.[4]Cavallaro v. Williams, 530 F.2d 473, 475 (3d Cir.1975) (law of place of collision usually applies because Pennsylvania considers the place of injury "to be the jurisdiction most concerned with the duty of care owed by an automobile operator to others lawfully on the highway"); Smith v. Walter C. Best, Inc., 756 F.Supp. 878, 880-81 (W.D.Pa.1990) (citing Restatement (Second) of Torts §§ 145, 146 (1971)) (in a personal injury action the law of the place of injury governs unless another state has a more significant relationship); Laconis v. Burlington County Bridge Comm'n, 400 Pa.Super. 483, 489-92, 583 A.2d 1218, 1221-23 (1990) (same).
By virtue of New Jersey's "deemer" statute, Liberty Mutual is the insurer liable for defendant Sullivan's medical expenses. The car involved in the accident was insured by that insurer, which admittedly transacts business in New Jersey. Answer, ¶ 2. The insurance policy itself contemplates out-of-state protection in that it enlarges bodily injury coverage when mandated by state law. Liberty Mutual policy at 7. DiOrio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 659-60 (3d Cir.1994) (New Jersey "deemer" statute serves as endorsement to Pennsylvania policy covering car involved in accident in New Jersey where insurer qualified to do business there); Smith v. Firemens Ins. Co., 404 Pa.Super. 93, 99, 590 A.2d 24, 27 (1991) (same).
Defendant Liberty Mutual insists that Prudential is the first-party insurer as a matter of Pennsylvania law, 75 Pa.C.S.A. § 1713, and that under Pennsylvania's anti-stacking statute defendant Sullivan cannot obtain benefits from both insurers. 75 Pa.C.S.A. § 1717. Case law is to the contrary. Where the accident occurred in New Jersey, that state's "deemer" statute has consistently been applied to Pennsylvania policies. See supra note 3. Also see Allstate Ins. Co. v. McNichol, 420 Pa.Super. 571, 575, 617 A.2d 333, 335 (1992) (New Jersey statute governs Pennsylvania policy for reasons of comity).
New Jersey no-fault insurance law prohibits double recoveries. However, it does not prevent recovery of personal injury benefits from two insurers where the payments are not duplicative. Martin v. Prudential Insurance Co., 255 N.J.Super. 524, 527-28, 605 A.2d 762, 764. In Martin, a passenger involved in a New Jersey accident was allowed benefits under a host policy despite payment of the policy limits under a Pennsylvania policy. Here, nothing in the New Jersey "deemer" statute cuts off benefits under defendant Liberty Mutual's policy in excess of the resident/relative coverage of $10,000 provided in Prudential's policy.
Defendant Sullivan asserts that Prudential's policy also is subject to the New Jersey "deemer" statute. Reply of defendant Sullivan to motion for summary judgment of plaintiff at 2-3. Plaintiff's policy afforded liability coverage to defendant Sullivan as a relative/resident in the use of either an owned or non-owned car. Plaintiff's motion for summary judgment, exhibit A, Prudential policy at 8. A non-owned car was involved in the accident. However, by its terms, the statute is effective only when an insured vehicle is "used or operated" in New *403 Jersey. N.J.S.A. 17:28-1.4. Here, the insured vehicle was not involved in the accident. Although coverage existed for a non-owned car, it was not in this instance an insured vehicle for the purpose of the "deemer" statute. Moreover, Prudential has not waived its right to reimbursement by having made voluntary payments. Payments were required to avoid liability for wrongful denial of benefits. 75 Pa.C.S.A. § 1713(b). Under Pennsylvania law, the first insurer against whom a claim is asserted is obligated to pay "as if wholly responsible" and only thereafter may claim contribution. Id. Had Prudential been liable under the "deemer" statute as a first-party payor, it may have faced an action for wrongful denial of benefits or for interest on overdue payments. See Elliott v. State Farm Mut. Auto. Ins. Co., 786 F.Supp. 487, 490 (E.D.Pa.1992) (wrongful denial of benefits); 75 Pa.C.S.A. § 1716 (interest on overdue payments).
Accordingly, Prudential is entitled to reimbursement from Liberty Mutual for payments made to defendant Sullivan in excess of Prudential's admitted responsibility of $10,000. Plaintiff's motion for summary judgment at 2. Fees and costs will be denied inasmuch as there appears to be no legal authority for imposing them. Judgment will be entered in favor of plaintiff Prudential declaring that defendant Liberty Mutual is liable for future medical costs of defendant Sullivan up to $250,000. N.J.S.A. 17:28-1.4; 39:6A-4. The judgment will include the amounts already paid by Prudential, less $10,000, upon sufficient proof or as agreed to by the parties.
NOTES
[1] Defendant Liberty Mutual Insurance Company has paid $10,000 and plaintiff Prudential Property and Casualty Insurance Company the balance.
[2] The New Jersey "deemer" statute, N.J.S.A. 17:28-1.4, pertinently provides 

Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, ... shall include in each policy coverage to satisfy at least ... personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 362 (C. 39:6A-4) ... whenever an automobile or motor vehicle insured under that policy is used or operated in this State.
A related statute limits such coverage to $250,000. N.J.S.A. 39:6A-4.
[3] The resident/relative benefits paid by Prudential  $10,000  are, coincidentally, the same total amount as the first-party benefits paid by Liberty Mutual.
[4] However, Pennsylvania courts decline "to treat the application of the `deemer' statute as presenting a conflict of laws question," because the New Jersey provisions further Pennsylvania's interest in assuring a minimal level of coverage for its citizens. DiOrio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 659-60 (3d Cir.1994) (citing Smith v. Firemens Ins. Co., 404 Pa.Super. 93, 99, 590 A.2d 24, 27 (1991)). Instead, Smith treated the application of the New Jersey statute as a matter of judicial comity and read the New Jersey statute as if it were a part of the insurance contract. Smith, 404 Pa.Super. at 99, 590 A.2d at 27. Our Circuit extended judicial comity to statute of limitations jurisprudence as well as to entitlement for benefits under the New Jersey statute. DiOrio, 17 F.3d at 660.