ESTATE OF JOHN W. GASKILL, PLAINTIFFS, v. SELECTED RISKS INSURANCE COMPANY, DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided July 9, 1984.

*Glenn E. Furhman* for plaintiffs (*Blatt, Mairone, Biel, Zlotnick, Feinberg & Griffith,* attorneys).

*Glenn R. Grondlund* for defendant (*Horn, Kaplan, Goldberg & Gorny,* attorneys).

CONNOR, J.S.C.

Before the court is a motion for summary judgment on behalf of the plaintiff. For reasons which follow, the court is satisfied that summary judgment should be granted.

The facts are essentially undisputed. On October 15, 1981 at approximately 10:00 p.m., John W. Gaskill was a pedestrian on Route 615 in Egg Harbor Township, Atlantic County, New Jersey. Raymond J. Shields was operating a pickup truck on Route 615 when the vehicle collided with Gaskill. Subsequent to being struck by Shield's vehicle, Gaskill, while lying in the street, was struck by an unidentified car traveling in an easterly direction on Route 615. Gaskill was fatally injured as a direct and proximate result of these collisions. At the time of the accident, John W. Gaskill resided with his wife, Victoria Gaskill, and their minor child, Jennifer Lynn Gaskill in the home of the decedent's parents, John E. Gaskill and Rebecca Gaskill.

The defendant, Selected Risks Insurance Co. (hereinafter "Selected Risks") issued to decedent, John W. Gaskill, an automobile insurance policy effective March 18, 1981 to March 18, 1982. Decedent paid various premiums to Selected Risks in consideration for the policy and it was in full force and effect on October 15, 1981. Selected Risks also issued an automobile insurance policy to the parents of the decedent, John E. Gaskill and Rebecca Gaskill insuring three automobiles. They paid Selected Risks various premiums in consideration for the policy and the policy was in effect on October 15, 1981.

Premiums were collected under the policy of John W. Gaskill. Since he was the named insured, the plaintiff is entitled to a lump sum payment of all benefits under this policy. *N.J.S.A.* 39:6A-4. The premiums were also collected on the policies of the decedent's parents covering three vehicles. Under *N.J.S.A.* 39:6A-4 payments of benefits shall be made to "the named insured and members of his family residing in his household." Decedent resided with his wife and his child in his parents' home and is covered by their policy under both the statute and the language of the policy.

The New Jersey Supreme Court in *Amiano v. Ohio Cas. Ins. Co.*, 85 *N.J.* 85, 90 (1981), stated "[p]ersonal injury protection

coverage should be given the broadest application consistent with the statutory language." Under the plain language of the policies, plaintiff is entitled to total benefits under both the policy issued to the decedent and the policy issued to the parents of the decedent.

The defense cites four cases in opposition to plaintiff's motion for inter-policy stacking. These cases are *Selected Risks Insurance Co. v. Allstate Ins. Co.,* 179 *N.J.Super.* 444 (App.Div.1981); *Federal Ins. Co. v. Liberty Mutual Ins. Co.,* 190 *N.J.Super.* 605 (App.Div.1983); *Ford v. Weisman,* 188 *N.J.Super.* 614 (App.Div.1983); and *State Farm Mutual Auto Ins. v. Unsatisfied Claim and Judgment Fund,* 192 *N.J.Super.* 26 (App.Div.1983) (hereinafter "State Farm"). These cases do not control the issues before the court. *State Farm* dealt with unlimited coverage of medical benefits and its holding is not apposite to this case. The other three cases deal with contribution among insurers as does the statute cited by the defense, *N.J.S.A.* 39:6A-11. Therefore, inter-policy stacking is not barred by the cited case law or statute.

The payments under these policies were due and owing at the time of John W. Gaskill's death. The New Jersey Supreme Court in *Muschette v. The Gateway Ins. Co.,* 76 *N.J.* 560 (1978), stated that a spouse was not required to prove the actual income continuation and essential services losses beyond the date of death of the decedent, as an income producer or essential service provider, in order to recover either the basic statutory minimums for such benefits or the maximum amount provided by any of the optional additional personal injury protection coverage. Rather, the court expressly rejected the defendant, insurance company's contention that a plaintiff must "prove" the actual "income continuation and essential services" losses beyond the date of the death of the income producer or essential service provider and in excess of the basic maximum for those benefits of $5,200 and $4,380 respectively, up to the potential respective maximum listed in the additional personal

injury protection coverage endorsement. *Muschette,* supra, 76 *N.J.* at 562–3. In *Maros v. Transamerica Ins. Co.,* 76 *N.J.* 572 (1978), it was held that, with regard to essential services benefits, a survivor is entitled absolutely to payment in full of the maximum amount which could have been paid as first-party "survivor benefit" to the injured party had he lived.

Decedent was the income producer upon which his wife and minor child relied. He was 19 years old at the time of his death and his future wage loss is undisputably substantially in excess of the policies. Plaintiff is entitled to the total package of income benefits as well as for essential services, paid in a lump sum.

Plaintiff also seeks an intra-policy stacking of the three policies issued to the parents of the decedent. The court finds this to be inappropriate. There is a visceral sense of unfairness involved in intra-policy stacking. The named insured and any additional insured should be entitled only to contracted-for benefits. A three car policy should not result in an insured receiving three times the benefits and, therefore, the court denies the motion for intra-policy stacking. An insured is entitled to the benefits contracted for, not three times those benefits. See *Riccio v. New Jersey Mfrs. Ins. Co.,* 179 *N.J.Super.* 65, 73 (App.Div.1981).

Plaintiff, Estate of John W. Gaskill, by Victoria Gaskill, his surviving spouse maintains that it is entitled to interest at the rate of 10% *per annum* on all monies recovered pursuant to the terms of *N.J.S.A.* 39:6A–5. The court will grant interest at 10% per annum from the date that the surviving spouse made the claim, subject to credit for any sums already deposited by the defendant.

Finally, the plaintiff has moved for counsel fees pursuant to R. 4:42–9(6). The court finds that the plaintiff is entitled to such relief. *See Maros v. Transamerica Ins. Co.,* 76 *N.J.* 572 (1978); *Cirelli v. Ohio Casualty Ins. Co.,* 72 *N.J.* 380 (1977); c.f., *Giambri v. G.E.I.C.O.,* 174 *N.J.Super.* 162 (App.Div.1980).

In conclusion, plaintiff is entitled to the total package of income benefits and essential services benefits under the policy of the decedent and one policy of the decedent's parents. The court rejects the arguments for intra-policy stacking of the parent's three policies. Plaintiff is entitled to 10% per annum interest from date of making the claim and to reasonable attorneys fees. Plaintiff will submit a form of order conforming with this ruling.