202 N.J. Super. 138 (1985)
493 A.2d 1331
ESTATE OF JOHN W. GASKILL, DECEASED, BY VICTORIA GASKILL, HIS SURVIVING SPOUSE, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
SELECTED RISKS INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1985.
Decided June 12, 1985.
*139 Before Judges FRITZ, GAULKIN and LONG.
Glenn R. Gronlund argued the cause for Selected Risks Insurance Company (Horn, Kaplan, Goldberg, Gorny and Daniels, attorneys).
Glenn E. Fuhrman argued the cause for Virginia Gaskill (Blatt, Mairone, Biel, Zlotnick, Feinberg & Griffith, P.A., attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
We are called upon to review the determinations of Judge Connor in the Law Division, reported at 196 N.J. Super. 116 (1984), that PIP income continuation and essential services *140 benefits are subject to inter-policy stacking and are not subject to intra-policy stacking.
The facts are undisputed. On October 15, 1981 John W. Gaskill was killed in an automobile accident. At the time of his death Gaskill was the named insured under an automobile policy issued by Selected Risks Insurance Company (Selected Risks), which provided income continuation and essential services benefits as mandated by N.J.S.A. 39:6A-4 and additional first party coverage under N.J.S.A. 39:6A-10. Selected Risks had also written an automobile policy, with similar coverage, for Gaskill's parents, insuring their three automobiles; because Gaskill had been residing in the household of his parents at the time of his death, he was also an insured under that policy. Ibid. Gaskill was concededly an "income producer" and a provider of "essential services" within the meaning of N.J.S.A. 39:6A-2b and d. Judge Connor found that Gaskill's personal representative "is entitled to total benefits under both the policy issued to the decedent and the policy issued to the parents" but that "intra-policy stacking of the three policies issued to the parents" would be "inappropriate." Selected Risks now appeals from the former ruling; Gaskill's representative appeals from the latter.[1]
We recognize the facial parallels between the present claims for stacked PIP benefits and the claims for stacked uninsured motorist benefits sustained in Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974) (inter-policy stacking) and Lundy v. Aetna Cas. & Sur. Co., 92 N.J. 550 (1983) (intra-policy stacking). But we find that the legislature has specifically foreclosed an insured from stacking PIP benefits, whether inter-policy or intra-policy. N.J.S.A. 39:6A-11 provides:
If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum *141 amount payable shall be as specified in [N.J.S.A. 39:6A-4 and 10] if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
Judge Connor regarded this statute as concerned solely "with contribution among insurers" and concluded that it does not bar inter-policy stacking. We find that reading too constricted. The statute does provide for contribution among insurers, but it also directs that where two or more insurers are liable for PIP benefits, "the maximum amount payable shall be as specified" in N.J.S.A. 39:6A-4 and 10. That language is inconsistent with any reading of N.J.S.A. 39:6A-11 as contemplating that PIP benefits could be stacked; indeed, stacking of PIP benefits would render inoperative the provision for contribution among insurers, since each insurer would be liable to the full extent of its own undertaking.
Whatever uncertainty might exist as to the intent and interpretation of N.J.S.A. 39:6A-11 is dispelled by the recent enactment of N.J.S.A. 39:6A-4.2:
The personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident. [Emphasis added.]
This section was enacted as part of the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, L. 1983, c. 362, § 12, effective October 4, 1983, inoperative until January 1, 1984. See L. 1983, c. 362, § 24. The no-fault provisions of that act were described by the Introductory Statement appended to Assembly Bill No. 3981 as "designed to tighten statutory eligibility requirements for personal injury protection coverage so as to comport with the original intent of the no-fault law." N.J.S.A. 39:6A-4.2 of course does not apply to Gaskill's claim. But the unambiguous language of that subsequent enactment, considered together with its Introductory Statement, can fairly be resorted to in determining the intent *142 of N.J.S.A. 39:6A-11. See Boyd v. Marini, 132 N.J. Super. 324 (App.Div. 1975). Our reading of N.J.S.A. 39:6A-11, as illuminated by the later enactment of N.J.S.A. 39:6A-4.2, satisfies us that the legislature intended N.J.S.A. 39:6A-11 to interdict both inter-policy and intra-policy stacking of PIP benefits.
The parties agree that each of the policies provided basic PIP benefits (N.J.S.A. 39:6A-4) and additional first party coverage (N.J.S.A. 39:6A-10) in the maximum amount of $51,600, calculated as required by Clendaniel v. New Jersey Mfrs. Ins. Co., 96 N.J. 361 (1984). We reverse the judgment which awarded PIP benefits totalling $103,200 and remand the matter to the Law Division for the entry of judgment in the sum of $51,600. On the remand, the trial judge shall reconsider and redetermine the propriety and amount of any interest award.
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Apparently no claim has been made for PIP medical expense benefits (N.J.S.A. 39:6A-4a); Gaskill's representative does not argue that such benefits could be stacked.