255 N.J. Super. 524 (1992)
605 A.2d 762
ALICE MARTIN, PLAINTIFF-APPELLANT,
v.
PRUDENTIAL INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1992.
Decided April 20, 1992.
Before Judges KING, DREIER and GRUCCIO.
*525 Lars S. Hyberg argued the cause for appellant (McAllister, Westmoreland, Vesper & Schwartz, attorneys).
Randi S. Greenberg argued the cause for respondent (Robert A. Auerbach, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
This case involves the right of a Pennsylvania resident, injured in a New Jersey accident while a passenger in a vehicle insured and registered in New Jersey, to recover medical benefits under her host's PIP coverage. We reject her host's carrier's argument that acceptance of the maximum benefits, $10,000, under plaintiff's own Pennsylvania family policy defeats her PIP claim under New Jersey's No-Fault Law.
This is a declaratory judgment action brought by a seriously injured passenger, Alice Martin, involved in an automobile accident in Margate, New Jersey on June 23, 1989. She seeks PIP benefits from defendant Prudential Insurance Company, the carrier for her host driver, Anne Dowling, under a policy issued for the Dowling vehicle which was registered in New Jersey. The Law Division judge ruled that Alice Martin could not recover PIP benefits under her host driver's policy because she had collected $10,000 in medical benefits payments under her family automobile policy issued by Allstate in Pennsylvania where she and her husband live. This was the maximum medical benefit under Allstate's policy.
Prudential admits the existence of PIP coverage but denies the claim. Prudential asserts that the claim is barred by N.J.S.A. 39:6A-4.2 which states in pertinent part:
[T]he personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.
*526 The Law Division judge concluded that once the plaintiff had collected $10,000 under her family automobile policy issued in Pennsylvania, she had no rights under her host's New Jersey policy. The judge said: "She had her benefits. She collected under them. I think that's the remedy." We disagree and reverse.
Plaintiff-appellant contends that N.J.S.A. 39:6A-4.2 "was intended to establish a priority of payments and to avoid a payment of double benefits," not to defeat payment of substantial PIP benefits because of minimal out-of-state medical benefits coverage. Prudential contends that the statutory language of § 39:6A-4.2 is a clear bar to any attempt to recover under both a New Jersey host's PIP benefits and the claimant's own automobile's $10,000 Pennsylvania medical benefits feature. The Prudential policy, which insured the host car, was issued pursuant to the New Jersey Automobile Reparation Reform Act (No-Fault Law), N.J.S.A. 39:6A-1 to -35, and provided for PIP benefits, including unlimited medical expense benefits, for any occupant of an insured vehicle, as required by N.J.S.A. 17:28-1.3 and N.J.S.A. 39:6A-4. By L. 1990, c. 8, § 4 the Legislature has since limited medical expense benefits to $250,000.
Allstate's policy on its Philadelphia insureds, the Martins, was issued pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. Cons. Stat. Ann. §§ 1701 to 1799.7. That policy provided the minimum coverage for medical expenses then mandated by the Pennsylvania statute; $10,000. 75 Pa. Cons. Stat. Ann. § 1711. Allstate paid the $10,000 medical benefits provided by its policy on demand by Alice Martin. By statute, insurers must offer optional medical benefits up to $100,000. Id. at § 1715.
While the language of N.J.S.A. 39:6A-4.2 may arguably support more than one interpretation, including that advanced here by Prudential, we conclude that the construction urged by appellant Martin is the correct one. The point of statutory *527 construction is "to enforce the legislative will," to have the law make sense. In re Executive Comm'n on Ethical Standards, 116 N.J. 216, 227, 561 A.2d 542 (1989). In furtherance of this aim, "[a] statute must be interpreted sensibly, rather than literally, with the purpose and reason for the legislation being controlling." Henry v. Shopper's World, 200 N.J. Super. 14, 18, 490 A.2d 320 (App.Div. 1985). Discerning the will of the legislature in this case is neither difficult nor a matter of first impression. Our courts have consistently held that the language under consideration here  "[n]o person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident"  is a prohibition against double PIP recovery. Wilson v. Unsatisfied Claim and Judgment Fund Bd., 109 N.J. 271, 281, 536 A.2d 752 (1988); Sotomayor v. Vasquez, 109 N.J. 258, 262 n. 2, 536 A.2d 746 (1988); Estate of Gaskill v. Selected Risks Ins. Co., 202 N.J. Super. 138, 140-141, 493 A.2d 1331 (App.Div.), certif. denied, 102 N.J. 297, 508 A.2d 185 (1985); Cokenakes v. Ohio Casualty Ins. Co., 208 N.J. Super. 308, 505 A.2d 243 (Law Div. 1985).
This case does not involve a double recovery. Prudential urges that Allstate's $10,000 payment under Martin's Pennsylvania-issued policy cut off any obligation it had to pay PIP benefits for her injuries. This interpretation requires us to conclude that the Legislature had some additional interest in placing a limitation on the source of PIP medical benefits, apart from its obvious interest in avoiding a double recovery. We find neither authority for this view nor reason behind it. The PIP statute provided for medical benefits coverage (unlimited in 1989) to "persons sustaining bodily injury while occupying" the automobile of the named insured. N.J.S.A. 39:6A-4. No attempt was made to limit the rights of nonresident guest passengers in New Jersey-insured vehicles who might have modest medical expense benefits under their own family policies in our sister states under diverse or disparate statutory schemes. We conclude that the Legislature did not intend by N.J.S.A. 39:6A-4.2 *528 to preclude a seriously injured victim from recovering the statutorily-mandated benefits from an otherwise primarily liable insurer merely because of an inconsequential medical benefits payment, such as Allstate made in this case.
N.J.S.A. 39:6A-11 also supports this view. That statute provides:
If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
Pursuant to this section, two primary carriers possibly may share the PIP obligation to a victim. Where one carrier obtains contribution from another insurer for the PIP benefits paid, the victim effectively could receive PIP benefits under two automobile insurance policies. See N.J.A.C. 11:3-37.12 (Eligibility under two or more automobile policies).[1] Yet this does not violate N.J.S.A. 39:6A-4.2 because no double recovery is involved. Prudential's contrary argument misconceives the purpose behind N.J.S.A. 39:6A-4.2, and indeed the entire scheme of the No-Fault Law, which is to promptly provide mandated benefits to the victims of automobile accidents. The obvious reason behind N.J.S.A. 39:6A-4.2 is not to prohibit two automobile insurance policies from being tapped to reach the mandatory *529 PIP limit for a single injury, but to preclude a victim from mulcting the carriers for the same benefits twice.
Indeed, we do not think that in enacting N.J.S.A. 39:6A-4.2 the Legislature ever contemplated or anticipated a case like this involving out-of-state "under-insurance" benefits. Obviously, there can be no under-insurance if New Jersey policies are involved because of the mandatory statutory limits. What the Legislature likely had in mind was a situation involving two coincidentally primary New Jersey PIP policies which it knew to provide identical benefits. N.J.S.A. 39:6A-4.2 was enacted to preclude redundant recovery in such circumstances. We think the statute means no more and no less. The victim here will not obtain redundant benefits from Prudential but merely coverage in excess of what was provided by another source. We conclude that is what the Legislature intended her to have in this situation.
We find no suggestion in the statutory scheme that our Legislature intended to treat New Jersey passengers differently or better than non-resident passengers, or to limit the rights of nonresident occupants who had exercised options for less than maximum benefits under their home state's insurance schemes.
Prudential should receive credit for the first $10,000 paid by Allstate. Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] N.J.A.C 11:3-37.12(4) states:

4. If an automobile policy identifies more than one person as a named insured on the automobile policy, the birthday of the named insured whose birthday occurs earliest in the calendar year shall be considered the determinant birthday on that automobile policy.
(b) An insured shall not receive benefits for medical expenses under more than one automobile policy.
(c) If an automobile policy PIP plan provides benefits for medical expenses for an insured who is eligible for medical expense benefits under more than one automobile policy PIP plan, the automobile insurer of the paying PIP plan may seek equitable pro rata contributions from the other automobile policy PIP plan(s) for the benefits actually paid by the paying PIP plan.