914 A.2d 305 (2007)
389 N.J. Super. 556
Kimberly BRITTEN, Plaintiff-Respondent,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 2006.
Decided January 12, 2007.
*306 Donna M. Hawley, argued the cause for appellant (Sherman & Viscomi, attorneys; Ms. Hawley, on the brief).
Eugene C. Hendrickson, argued the cause for respondent (Hendrickson & Edelstein, attorneys; Mr. Hendrickson, of counsel and on the brief).
Before Judges LEFELT, PARRILLO and SAPP-PETERSON.
The opinion of this court was delivered by
SAPP-PETERSON, J.S.C. (temporarily assigned).
Defendant insurer, Liberty Mutual Insurance Company, appeals the entry of orders denying its motion for summary judgment but granting plaintiff Kimberly Britten's cross-motion for summary judgment. The motion judge ruled that plaintiff was entitled to recover Personal Injury Protection (PIP) benefits under her personal automobile insurance policy as well as her mother's personal automobile insurance policy. The court rejected the defendant's contention that the anti-stacking provisions of N.J.S.A. 39:6A-4.2 preclude plaintiff from securing benefits under both policies. We reverse.
The facts are not disputed. Plaintiff was involved in a motor vehicle accident on May 19, 2004, while operating her privately owned vehicle. This vehicle was insured by State National Insurance Company (SNIC). Under the terms of the policy, plaintiff selected $75,000 worth of PIP benefits. At the time of the accident, plaintiff resided with her mother, Janet Britten, who was the named insured on an automobile policy issued by defendant that included PIP benefits up to $250,000. Janet Britten's policy also extended coverage to her resident relatives, subject to exclusions. One such exclusion denies liability coverage and PIP benefits to resident relatives for injuries sustained as a result of an accident involving a vehicle owned by a resident family member other than Janet Britten.
As a result of the accident, plaintiff sustained injuries requiring numerous medical procedures. The medical bills associated with these injuries exceeded the $75,000 PIP benefits available under plaintiff's SNIC policy. As a result, plaintiff filed a claim with defendant seeking additional PIP benefits under her mother's policy. Defendant denied the claim.
*307 Plaintiff filed a complaint on May 5, 2005, seeking declaratory relief against defendant, declaring that as a resident member of her mother's household, she was eligible to recover PIP benefits under her mother's policy in addition to the benefits she secured under her own personal auto insurance policy. In granting plaintiff's summary judgment cross-motion and denying defendant's summary judgment motion, the court found that as a resident family member:
[plaintiff] was already in a sense insured under the $250,000. She had a right as a household member to collect under the $250,000. What she did not have a right to collect on was that portion in which she had other insurance in which she was the primary insured. And so I agree that she is entitled to the coverage under her mother's policy less the insurance that she had purchased, the $75,000, which results in $175,000 worth of coverage under her mother's policy.
From this decision, defendant filed a timely appeal. Defendant contends the trial court failed to apply the applicable case law. A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference. State v. Brown, 118 N.J. 595, 604, 573 A.2d 886 (1990); Dolson v. Anastasia, 55 N.J. 2, 7, 258 A.2d 706 (1969); Pearl Assurance Co. Ltd. v. Watts, 69 N.J.Super. 198, 205, 174 A.2d 90 (App.Div.1961).
N.J.S.A. 39:6A-4.2 authorizes PIP benefits to the named insured and resident members of the insured's household, provided the resident member is "not a named insured under an automobile insurance policy of his own." Recovery of PIP benefits is further circumscribed under this section. "No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident." Ibid. This provision is part of the Automobile Insurance Cost Reduction Act, (AICRA), N.J.S.A. 39:6A-1.1 to -35, enacted in 1998.
AICRA represents the most recent effort to provide comprehensive benefits to automobile accident victims at reduced costs. These efforts commenced in 1972 with enactment of the New Jersey Automobile Reparation Reform Act (No Fault) and have continued over the years, albeit without accomplishing the level of success envisioned.
In the area of PIP benefits, prior to AICRA, all underwriters of New Jersey auto insurance policies were required to include PIP coverage of $250,000. With the enactment of AICRA, the Legislature added N.J.S.A. 39:6A-4.3, which provides in pertinent part:
With respect to personal injury protection coverage provided on an automobile in accordance with section [39:6A-4], the automobile insurer shall provide the following coverage options:
. . . .
e. Medical expense benefits in amounts of $150,000, $75,000, $50,000 or $15,000 per person per accident;. . . . The coverage election form shall contain a statement, clearly readable and in 12-point bold type, . . . that election of any of the aforesaid medical expense benefits options results in less coverage than the $250,000 medical expense benefits coverage mandated prior to the effective date of [AICRA].
If none of the aforesaid medical expense benefits options is affirmatively chosen in writing, the policy shall provide $250,000 medical expense benefits coverage[.]
[N.J.S.A. 39:6A-4.3(e).]
*308 Under this provision, the Legislature eliminated the mandatory $250,000 PIP coverage and afforded to insureds, at reduced costs, a wide range of PIP benefit levels with commensurate premiums. See Id.
In the present matter, it is undisputed that for her own personal vehicle, plaintiff selected medical expense benefits in the amount of $75,000. In making this selection, not only was plaintiff afforded medical expense benefits at a lower cost, but she was also on notice that "election of [the $75,000] medical expense benefits option[] result[ed] in less coverage than the $250,000 medical expense benefits coverage mandated prior to the effective date of [AICRA]." Id. By its plain language, this section clearly contemplates that consumers who elect lesser benefits in exchange for lower premiums will not be eligible for greater benefits.
Plaintiff, relying upon pre-AICRA cases, argues that she is not precluded from recovering PIP benefits as a resident insured under her mother's policy by virtue of her own personal auto insurance policy. Rather, she is only precluded from a double recovery, which plaintiff maintains results from recovery under her mother's policy, without crediting the $75,000 in PIP benefits to which she is entitled under her own insurance policy. See Martin v. Prudential Ins. Co., 255 N.J.Super. 524, 526-28, 605 A.2d 762 (App.Div.1992); Parisi v. Aetna Cas. Sur. & Co., 296 N.J.Super. 179, 183-84, 686 A.2d 386 (App.Div.1997). We disagree.
The plain language of N.J.S.A. 39:6A-4.3(e) puts consumers on notice that election of a lower benefits option, in consideration of a reduced premium, denies eligibility for the $250,000 of benefits formerly mandated and evidences the clear intent of the Legislature that New Jersey PIP policies will often not contain identical benefits. Furthermore, Martin and Parisi are distinguishable.
In Martin, supra, we rejected the insurer's contention that N.J.S.A. 39:6A-4.2 precludes recovery of medical benefits from multiple sources. Martin, supra, 255 N.J.Super. at 527-28, 605 A.2d 762. We instead concluded that the Legislature "did not intend by N.J.S.A. 39:6A-4.2 to preclude a seriously injured victim from recovering the statutorily-mandated benefits . . . merely because of an inconsequential medical benefits payment." Ibid.
In Parisi, supra, the insurer appealed the trial court decision, declaring that the injured pedestrian plaintiff could recover medical benefits under both automobile policies issued to her in New York and also from the New Jersey policy issued to the insured driver that struck her. Although the insurer, in seeking summary judgment, initially argued that recovery under both polices was banned under the anti-stacking provisions of N.J.S.A. 39:6A-4.2, that argument was abandoned prior to the return date of the summary judgment motion. Therefore, that issue was not before us on appeal. We indicated, however, that we assumed the insurer abandoned its position in light of "Judge King's analysis in Martin, [supra,] of the import of N.J.S.A. 39:6A-4.2." Parisi, supra, 296 N.J.Super. at 183-84, 686 A.2d 386. Thus, in Parisi, we affirmed our endorsement of Martin and its application to the facts before us at that time. Id. at 185, 686 A.2d 386.
We agree that a fair reading of Martin and Parisi arguably supports plaintiff's position that as long as defendant is credited with the $75,000 medical benefits payable under plaintiff's policy, there is no double recovery in contravention of N.J.S.A. 39:6A-4.2. Because of plaintiff's status as a resident member of Janet Britten's family, however, this interpretation falls short in light of the clear language *309 contained in N.J.S.A. 39:6A-7(b)(4), enacted in 1997 subsequent to the decisions in Martin and Parisi.
N.J.S.A. 39:6A-7(b)(4) provides "[e]xclusions from certain insurance benefits" and states in relevant part:
b. An insurer may also exclude from the benefits provided in section[] . . . [39:6A-4] . . . any person having incurred injuries or death, who, at the time of the accident:
. . . .
(4) was a member of the named insured's family residing in the named insured's household, if that person is entitled to coverage under section . . . [39:6A-4] . . . as a named insured under the terms of another policy.
[Ibid.]
As amended, this section allows carriers to deny benefits to resident relatives of the named insured who are themselves named insureds on their own policy. This exclusion, unaddressed by the motion judge, is precisely the factual scenario presented in this matter.
The motion judge's finding that plaintiff had a right to PIP benefits under her mother's policy as a resident relative ignores the plain language of N.J.S.A. 39:6A-7(b)(4) and the web it weaves with N.J.S.A. 39:6A-4.2 and N.J.S.A. 39:6A-4.3(e). These provisions reflect the Legislature's constant fight to control costs. The lower court erroneously characterized the situation when it stated that to find for defendant would "penalize[]" plaintiff for "purchasing additional insurance to cover her own vehicle."
The primary purposes behind auto insurance regulation in New Jersey have always been the provision of prompt medical expense repayment and cost control. N.J. Coalition of Health Care Prof'ls, Inc. v. N.J. Dep't of Banking & Ins., 323 N.J.Super. 207, 732 A.2d 1063 (App.Div.), certif. denied, 162 N.J. 485, 744 A.2d 1208 (1999). By enacting AICRA, the Legislature has abandoned a "one size fits all" approach in favor of a scheme that offers consumers the freedom of choice. Swydersky v. Prudential Commercial Ins. Co., 263 N.J.Super. 544, 623 A.2d 310 (Law Div.1993). This scheme is designed to ensure prompt payment and to offer reduced costs to consumers by allowing them to pick a policy with a premium they can afford and with benefits commensurate to the premium. By abandoning the former mandatory coverage amount of $250,000 in favor of a wide array of policies with coverage as low as $15,000, the Legislature surely contemplated that situations would arise where insureds would chose, or could only afford, primary policies insufficient to cover medical expenses incurred. This appeal is an example of that situation.
The plain language of N.J.S.A. 39:6A-4.2 establishes that plaintiff does not qualify as a primary insured under her mother's policy, and N.J.S.A. 39:6A-7(b)(4) permitted defendant to deny PIP benefits to plaintiff as a resident relative under her mother's policy. The motion judge therefore erred, as a matter of law, in granting plaintiff's summary judgment motion and denying defendant's cross-motion for summary judgment.
Reversed and remanded for the entry of summary judgment in favor of defendant, dismissing plaintiff's complaint with prejudice.