*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-CV-1768

ANNE ONYENEHO, APPELLANT

v.

ALLSTATE INSURANCE COMPANY, APPELLEE.

Appeal from the Superior Court of the District of Columbia
(CAV-6039-11)

(Hon. Anthony C. Epstein, Trial Judge)

(Submitted October 31, 2013                    Decided November 14, 2013)

*Keith W. Watters* and *Patricia D. Watters* were on the brief for appellant.

*Rotrica S. Neal* was on the brief for appellee.

Before GLICKMAN and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

EASTERLY, *Associate Judge*:  In 2009, Appellant Anne Onyeneho was a passenger in a car driven by Bright Akwukwaegbu when Ms. Akwukwaegbu got

into an accident in New Jersey. Ms. Onyeneho initially sued[1] Ms. Akwukwaegbu, a D.C. resident, in the Superior Court of the District of Columbia, for negligence. Ms. Onyeneho subsequently amended her complaint to add a claim against Ms. Akwukwaegbu's insurer, Allstate Insurance Company (Allstate), for breach of contract for failure to pay Personal Injury Protection (PIP) benefits. Ms. Onyeneho settled her suit with Ms. Akwukwaegbu. The trial court granted judgment in favor of Allstate, finding that Ms. Onyeneho's claim was time-barred. Ms. Onyeneho filed two motions for reconsideration. The trial court granted Ms. Onyeneho's first motion for reconsideration and considered her newly raised claims on the merits, but ultimately entered summary judgment for a second time in favor of Allstate on statute of limitations grounds. The trial court denied the second motion for reconsideration.

Ms. Onyeneho appeals the court's entry of judgment in favor of Allstate and the denial of the second motion for reconsideration. We review de novo the order granting summary judgment, applying the same standard as the trial court and construing the record in the light most favorable to the non-moving party. *Hunt v.*

---

[1] Ms. Onyeneho filed suit both individually and as a parent and guardian to her child who was also in the car at the time of the accident. The child is not a party to this appeal.

*District of Columbia*, 66 A.3d 987, 990 (D.C. 2013). We review the denial of a motion to reconsider for abuse of discretion. *Dist. No. 1 — Pac. Coast Dist. v. Travelers Cas. & Sur. Co.*, 782 A.2d 269, 278 (D.C. 2001) ("Motions under either rule [59 (e) or 60 (b)] are committed to the broad discretion of the trial judge."). We affirm.

Before turning to the specific legal issues presented, we quickly review the law that provides the foundation for Ms. Onyeneho's claim for PIP benefits: N.J. Stat. Ann. § 17:28-1.4 (West 2007). Known as the Deemer Statute, this provision "'deems' New Jersey insurance coverage and tort limitations [regarding, inter alia, the provision of PIP benefits,] to apply to out-of-state policies."[2] *Zabilowicz v.*

---

[2] Specifically, it states that:

> [a]ny insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A-4) . . . whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

(continued…)

*Kelsey*, 984 A.2d 872, 874 n. 2 (N.J. 2009). Thus, although Ms. Akwukwaegbu had a District of Columbia insurance policy, because she was driving in New Jersey at the time of the accident and Allstate is an insurer under the Deemer Statute,[3] New Jersey's mandatory PIP coverage is "deemed" to apply to Ms. Akwukwaegbu's policy.

As an occupant in Ms. Akwukwaegbu's automobile at the time of the accident, Ms. Onyeneho was entitled to seek PIP benefits via Ms. Akwukwaegbu's Allstate policy. *See* N.J. Stat. Ann. § 39:6A-4 (2012). PIP benefits, which encompass certain medical expenses, loss of income, essential services, death, and funeral expense benefits set out by statute, N.J. Stat. Ann. § 39:6A-4, are "guaranteed regardless of who is at fault in causing the accident — therefore, the moniker no-fault insurance."[4] *Aronberg v. Tolbert*, 25 A.3d 1121, 1129 (N.J.

---

(…continued)

N.J. Stat. Ann. § 17:28-1.4.

[3] Allstate has not contested that it is an insurer within the meaning of the Deemer Statute.

[4] That Ms. Onyeneho had initially sought and received PIP benefits from her own insurer, GEICO, appears not to have precluded her from subsequently seeking PIP benefits from Allstate. Although N.J. Stat. Ann. § 39:6A-4.2 (2012) provides that "[n]o person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident," New Jersey courts have interpreted this provision narrowly and have

(continued…)

2011). "The goal of PIP is to provide prompt medical treatment for those who have been injured in automobile accidents without having that treatment delayed because of payment disputes." *Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. and Physical Therapy*, 46 A.3d 1272, 1279 (N.J. 2012).

The question in this case is whether Ms. Onyeneho's lawsuit to recover PIP benefits from Allstate was timely. The period for seeking relief under the Deemer Statute is generally limited to "two years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than four years after the accident whichever is earlier."[5] N.J. Stat. Ann. § 39:6A-13.1 a. (West 2012). The trial court determined that Ms. Onyeneho's claim for PIP benefits was time-barred under the statute because she

---

(…continued)
held that an individual may recover PIP benefits from a second insurer after benefits under a primary insurance policy have been exhausted. In short, as interpreted by New Jersey courts, the statute is concerned with double recovery, not "successive" recovery. *See, e.g., Parisi v. Aetna Cas. and Sur. Co.*, 686 A.2d 386, 387-89 (N.J. Super. Ct. App. Div. 1997); *Martin v. Prudential Ins. Co.*, 605 A.2d 762, 762-64 (N.J. Super. Ct. App. Div. 1992).

[5] The statute also provides "that, if benefits have been paid before then an action for further benefits may be commenced not later than two years after the last payment of benefits." N.J. Stat. Ann. § 39:6A-13.1 a.

knew of her injuries at the time of the accident, and her suit was filed more than two years after that time.

Ms. Onyeneho has raised four arguments as to why the trial court's statute of limitations ruling was in error: (1) the amended complaint relates back to her initial complaint, (2) equitable principles preclude her suit against Allstate from being barred, (3) the trial court should have considered whether her claim was timely under the District of Columbia statute of limitations for breach of contract, and (4) her claim was timely under a statutory exception to the New Jersey limitations period. Because of the manner in which Ms. Onyeneho litigated this case, however, the trial court only addressed the first two issues on the merits. We address these arguments first.

Ms. Onyeneho contends that her amended complaint requesting PIP benefits relates back to the initial negligence complaint and was thus timely filed within two years of the accident. We disagree. Like the trial court, we look to Super. Ct. Civ. R. 15 (c) which, in relevant part, allows a claim against a new party to relate back if the claim against that party arose out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and if the

new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Here the first hurdle Ms. Onyeneho faces is that she "has never claimed that she intended to name [Allstate] as a defendant when she first filed suit." *See Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997). The only reason she ever gave for amending the complaint to add Allstate was that it had "fail[ed] to pay Plaintiff's medical expenses stemming from the aforementioned accident." *See* Opposition to Motion to Dismiss at 2; *see also* First Motion to Reconsider at 5 (explaining that she amended the complaint because Allstate "fail[ed] to pay her PIP claim"). She never alleged that she had made a mistake in filing suit against Ms. Akwukwaegbu and that she had not realized that Allstate was also a proper party to her suit.

But even had she asserted a pleading mistake, Ms. Onyeneho cannot establish that this mistake would have put Allstate on notice of a possible lawsuit so as to permit relation back under Rule 15. Looking at the federal analog,[6] the

---

[6] This jurisdiction considers our Rule 15 to have the same meaning as the federal rule. *Stewart-Veal v. District of Columbia*, 896 A.2d 232, 237 (D.C. 2006) (citing *Arrington v. District of Columbia*, 673 A.2d 674, 680 n.6 (D.C. 1996)).

Supreme Court explained in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, __, 130 S. Ct. 2485, 2493 (2010), that Rule 15(c) "asks what the prospective *defendant* knew or should have known . . . , not what the *plaintiff* knew or should have known at the time of filing her original complaint."[7] The Supreme Court's analysis of the federal rule in *Krupski* dovetails with this court's explanation of when relation-back will be permitted under our Rule 15. This court has stated that "mistake" in the context of relation back turns on whether the plaintiff made "a mistake of *fact* concerning the *identity* and *name* of the [proper defendant]" — which would not defeat a prospective defendant's notice — in contrast to an "error . . . of *law*, concerning the substantive liability of the [newly named defendant]" — which would.[8] *Zuurbier v. Medstar Health, Inc.*, 895 A.2d 905, 909 n. 8 (D.C. 2006).

---

[7] The Court in *Krupski* "agree[d] that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." 560 U.S. at __, 130 S. Ct. at 2494. But it "disagree[d] . . . with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake." *Id.*

[8] Ms. Onyeneho appears to agree that we should look to Super. Ct. Civ. R. 15 and explicitly agrees that "the test enunciated in *Krupski* [is] controlling." Nonetheless, Ms. Onyeneho also argues that "New Jersey substantive law allows for relation back in cases involving amended complaints and PIP actions." But Rule 15 (c), which governs relation back, is a rule of procedure in this jurisdiction.

(continued…)

Under the circumstances, Allstate had no reason to believe Ms. Onyeneho had made a factual mistake when she sued Ms. Akwukwaegbu for negligence and failed to name Allstate as a party. To begin with, Ms. Onyeneho had no cause of action against Allstate for negligence; she only had a cause of action against Allstate for PIP benefits under the Deemer Statute. *See* N.J. Stat. Ann. § 17:28-1.4; *see also* N.J. Stat. Ann. § 39:6A-13.1 a. Moreover, because Ms. Onyeneho was actively making demands for these benefits from Allstate before she filed her initial complaint against Ms. Akwukwaegbu for negligence, Allstate could have reasonably concluded that Ms. Onyeneho was aware that she had a right to seek distinct legal relief, in the form of PIP benefits, from a different entity, Allstate. Therefore, we uphold the trial court's determination that her amended complaint does not relate back to the date of the initial complaint.

---

(…continued)
And "[u]nder customary choice of law principles, the laws of the forum apply to matters of procedure." *Olivarius v. Stanley J. Sarnoff Endowment for Cardiovascular Sci., Inc.*, 858 A.2d 457, 463 (D.C. 2004) (quoting *Huang v. D'Albora*, 644 A.2d 1, 4 (D.C. 1994) (internal quotation marks and ellipses omitted)). Ms. Onyeneho has not presented any argument as to why New Jersey law on relation back is "substantive." We are thus unpersuaded by Ms. Onyeneho's attempt to rely on a New Jersey appellate decision, *Smelkinson v. Ethel & Mac Corp.*, 429 A.2d 422 (N.J. Super. Ct. App. Div. 1981), to interpret our Rule 15(c).

Ms. Onyeneho also argues that Allstate may not raise its statute of limitations defense under the doctrines of lulling and equitable estoppel. Again, we disagree. Lulling only occurs when a defendant has "done something that amounted to an affirmative inducement to plaintiffs to delay bringing action.'" *Partnership Placements* v. *Landmark Ins. Co.*, 722 A.2d 837, 842 (D.C. 1998) (quoting *Hornblower v. George Washington Univ.*, 31 App. D.C. 64, 75 (D.C. Cir. 1908) (internal quotation marks omitted)). Likewise, the doctrine of "[e]quitable estoppel, sometimes called fraudulent concealment, [only] 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *East v. Graphic Arts Indus. Joint Pension Trust*, 718 A.2d 153, 160 n.21 (D.C. 1998) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)). Ms. Onyeneho asserts that "[f]rom the initiation of the PIP process in this matter, Allstate led Ms. Onyeneho to believe that it was duly considering her claim." But she acknowledges that after she mailed her request for PIP benefits on June 6, 2011, she heard nothing from Allstate for eight months, until February 1, 2012, when Allstate sent her an application form. Indeed, as she acknowledged in her brief to this court, she filed her amended complaint "[o]ut of an abundance of caution *and*

*because of Allstate's failure to provide any response* to Ms. Onyeneho's PIP demand."[9] Thus, according to Ms. Onyeneho, Allstate took no affirmative action to delay her filing of the suit. Rather, Allstate took no action at all. Under these circumstances, the doctrines of lulling and equitable estoppel are inapplicable.

In addition to raising the arguments that she made to the trial court before summary judgment was granted, Ms. Onyeneho now argues that the trial court abused its discretion when it declined to consider an argument made for the first time in her second motion for reconsideration: namely, that her suit was timely under the District of Columbia's three year statute of limitations for breach of contract. The trial court never addressed the merits of this argument and denied her second motion to reconsider because it concluded that Ms. Onyeneho had "not carried her burden under Super. Ct. Civ. R. 60 (b) to show excusable neglect for her failure to raise this argument on a timely basis."[10] We conclude that the trial

---

[9] Ms. Onyeneho was statutorily authorized to sue for PIP benefits; she had no obligation to wait for Allstate to deny her request. *See* N.J. Stat §§ 17:28-1.4, 39:6A-13.1.

[10] Ms. Onyeneho, who had filed her motion pursuant to both Rule 59 (e) and Rule 60 (b), does not appear to be challenging on appeal the trial court's decision to treat the motion as properly filed only under Rule 60 (b). Nor would she have grounds for such a challenge. A "Rule 59 (e) motion may not be used to raise arguments or present evidence that could have been raised prior to the entry of

(continued…)

court did not abuse its discretion in declining to grant Ms. Onyeneho's second motion for reconsideration.

"[C]ases applying Rule 60 (b) 'have been unyielding in requiring that a party show good reason for the failure to take appropriate action sooner.'" *Dist. No. 1*, 782 A.2d at 278 (quoting *Federal Practice and Procedure* § 2857, at 260). Ms. Onyeneho has not demonstrated that her failure to raise the applicability of the District of Columbia statute of limitations earlier was due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other additional circumstances which would compel the court to consider the argument on its merits. *See* Super. Ct. Civ. R. 60 (b). Rather, she simply seems to have come to this argument late.

The final statute of limitations argument we address is Ms. Onyeneho's lead argument on appeal. This argument was never acknowledged by the trial court, we determine, because Ms. Onyeneho never clearly asked the court to rule on it.

_____

(…continued)
judgment." *Dist. No. 1*, 782 A.2d at 278 (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2810.1, at 127-28 (1995 ed.) (internal quotation marks and ellipses omitted)). As discussed *infra*, Ms. Onyeneho had the opportunity to raise her legal argument regarding the proper statute of limitations when Allstate filed its motion for summary judgment; she simply failed to do so.

Specifically, Ms. Onyeneho argues that her amended complaint was timely under the exception clause of N.J. Stat. Ann. § 39:6A-13.1 a., see *supra* note 5, which states "that if benefits have been paid before then [i.e., before the traditional statute of limitations elapses] an action for further benefits may be commenced not later than two years after the last payment of benefits." Ms. Onyeneho had received PIP benefits from GEICO within two years of the accident and argues that the statute of limitations should have begun to run as of the date of the last payment from GEICO. In a footnote to her first motion to reconsider, Ms. Onyeneho alluded to this argument as one that "could be made."[11] But Allstate did not respond to this potential argument in its opposition to the motion, and the trial court likewise did not address it in its order granting the motion but also granting Allstate summary judgment. Ms. Onyeneho did not then re-raise this issue in her second motion to

---

[11] In the footnote, Ms. Onyeneho asserted:

> Based on the August 1, 2009 accident, GEICO paid the Plaintiff PIP benefits until January 13, 2010. Under N.J.S.A. 39:6A-13, the PIP statute of limitations also runs from the date that the last payment was sent to the Plaintiff. It is not clear if PIP payments by GEICO were contemplated by the statute. An argument *could be made* that the last PIP payment made by GEICO on January 13, 2010 is the calculation date for the last PIP payment. Assuming, *arguendo*, that was the case, the Plaintiff would have had until January 13, 2012 to add Allstate as a defendant.

reconsider to clarify that this was in fact an argument she wished to pursue. Under these circumstances, we deem this argument forfeited and we decline to reach it.

Accordingly, for the reasons stated above, the ruling of the trial court is

*Affirmed.*